■ ROMAN KENSY, JR., Respondent, v VILLAGE OF SOUTH-AMPTON et al., Appellants. [615 NYS2d 72] —In an action to **recover damages for personal injuries, the defendant Village** of Southampton appeals from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated June 1, 1992, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and the cross claims against it, and Ascon Construction separately appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it and the cross claims against it.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motion and cross motion are granted, and the complaint and cross claims are dismissed.

On October 14, 1989, the plaintiff was attempting to ride his bicycle from Massapequa to Montauk Point, Long Island. He was injured when he fell off his bicycle on a section of road in the Village of Southampton, due to loose gravel that was present on the shoulder of the road. The previous night, the Village had repaved the road by applying liquid asphalt and loose stone, which was then spread and compacted by a roller. The road was reopened for traffic that morning, after it was determined that, while there were some excess stones which had blown to the side, the road was suitable for passage and in fine condition.

In opposition to the defendants' respective motion and cross motion for summary judgment, the plaintiff offered no evidence as to the amount of loose gravel that was left behind after the repaving, nor any expert testimony that the Village did not perform the repaving in a reasonable and customary manner *(cf., Hughes v State of New York,* 14 AD2d 449). Accordingly, the plaintiff failed to raise an issue of fact as to

whether the defendants breached their duty to maintain the road in a reasonably safe condition for people who obey the rules of the road (see, Tomassi v Town of Union, 46 NY2d 91).

In addition, the evidence submitted by the defendants clearly indicated that the plaintiff was well aware of the loose gravel which was present on the shoulder of the road, but nevertheless continued to ride his bicycle for approximately a quarter of a mile. The plaintiff presented no evidence that the injury-causing risk was unassumed, concealed, or unreasonably increased. Under these circumstances, the plaintiff must be viewed as having assumed the risk represented by the presence of the loose gravel, and thus, application of the doctrine of assumption of the risk warrants dismissal of the complaint (see, Hoffman v City of New York, 172 AD2d 716). Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.