■ JOEL A. HOFFLICH, Appellant, v WERNER MENDELL et al.,
Respondents. [652 NYS2d 659] —Yesawich Jr., J. Appeal (transferred to this Court by order of the Appellate Division, Second
Department) from an order of the Supreme Court (Sherwood,
J.), entered July 24, 1995 in Orange County, which granted
certain defendants' motions for summary judgment and
dismissed the complaint as to all defendants.

Plaintiff was injured when he fell from a recreational apparatus known as the Alpine Tower, which was located at defendant New Age Health Spa in Sullivan County. The tower, a 50-foot-high tripod constructed of logs similar to utility poles, has
three horizontal log beams connected near the base of the poles,
approximately $2^1/2$ to 3 feet above the ground. On the day
plaintiff was injured, the tower was being used for the first
time and various New Age Health Spa employees responsible
for outdoor programming were being trained in its use. Other
participants, including plaintiff, were friends or relatives of
the employees. Defendant Michael Crehore was training the
employees and explained each of the "games" that would be
played.

Prior to his accident, plaintiff walked the length of one of
the beams, crossed from one horizontal beam to another and
attempted to pass another person twice without touching. Unable to do that, plaintiff jumped off the beam twice without
incident. After familiarizing himself with the tower, plaintiff
participated in an activity in which an individual was swinging from a rope suspended from the middle of the tripod, trying to return to the bottom horizontal beams of the tower,
while the others, including plaintiff, were standing on the
beams. When the person dangling from the rope came near
plaintiff for the second time, he "instinctively pulled back with
[his] right foot and fell" off the beam, injuring his knee.

Plaintiff thereafter commenced this action against the following: New Age Health Spa and its owners and operators
(hereinafter collectively referred to as the Spa defendants);
Alpine Tower, Inc. (the manufacturer of the tower) and its sole
shareholder, Michael Fischesser (hereinafter collectively
referred to as the Alpine defendants), the Alpine defendants'
employee (Crehore), and New York Outward Bound Center.*
New York Outward Bound Center and the Spa defendants each

---

* The basis of plaintiff's claim against New York Outward Bound Center
was that it had participated in the installation and construction of the Alpine

moved for summary judgment. Supreme Court granted the motions and, after searching the record, also dismissed the complaint against the Alpine defendants and Crehore, on the basis of assumption of the risk. This appeal by plaintiff ensued.

It is plaintiff's contention that primary assumption of the risk is not applicable to the instant case and, consequently, that CPLR 1411 bars the grant of summary judgment and requires that a jury determine the extent to which plaintiff's culpable conduct contributed to his injuries. We disagree.

Primary assumption of the risk may be applied in cases where there is an elevated risk of danger, typically in sporting and recreational events (*see, e.g., Turcotte v Fell*, 68 NY2d 432, 438-439). In our view, the activities engaged in here come within the reach of this principle (*see, Lamey v Foley*, 188 AD2d 157, 163; *Nagawiecki v State of New York*, 150 AD2d 147). When the risks of the activity in question are perfectly obvious, the plaintiff is deemed to have consented to them and the defendant has satisfied its only duty of care—which is to make the conditions as safe as they appear to be (*see, Turcotte v Fell, supra*, at 438-439; *Giordano v Shanty Hollow Corp.*, 209 AD2d 760, *lv denied* 85 NY2d 802; *Pascucci v Town of Oyster Bay*, 186 AD2d 725, 726). Here, plaintiff could readily foresee that falling from the horizontal beams was an inherent risk of his participation in the activities on the tower and, inasmuch as the tower apparatus was, in this respect, as safe as it appeared to be, plaintiff's injuries cannot be said to have resulted from any breach of duty by defendants. Accordingly, summary judgment was properly granted on the negligence cause of action.

As for plaintiff's remaining claims, sounding in breach of warranty and products liability, they are simply not borne out by the evidence adduced during discovery, there being no indication that the tower was defective in any way or unsuitable for its intended purpose.

Cardona, P. J., Mikoll and White, JJ., concur. Ordered that the order is affirmed, with costs.

---

Tower on the New Age Health Spa facility through its servants, agents and/or employees in that Crehore was wearing a New York Outward Bound Center T-shirt and referred to his experiences at New York Outward Bound Center during the training.