■ VICTOR CALISE, JR., Appellant, v CITY OF NEW YORK, Respondent. [657 NYS2d 430] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), entered June 6, 1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, then 22 years old, was allegedly injured when, while riding his mountain bike down an unpaved dirt and rock path in Forest Park in Queens, he was thrown from the bike when it struck an exposed tree root. The plaintiff thereafter commenced this action against the owner of the park, the defendant, City of New York, alleging that it was negligent in failing to maintain the trail free from the hazards posed by exposed tree roots. After issue was joined and discovery completed, the defendant moved for summary judgment dismissing the complaint on the ground, inter alia, that the plaintiff had assumed the risk of the injury-causing event at issue. The Supreme Court granted the motion. We affirm.

Voluntary participants in sporting or recreational events are presumed "to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (Turcotte v Fell, 68 NY2d 432, 439; Perretti v City of New York, 132 AD2d 537; Pascucci v Town of Oyster Bay, 186 AD2d 725). In such cases, the landowner's duty is to protect such participants from injuries arising out of unassumed, concealed, or unreasonably increased risks (see, Benitez v New York City Bd. of Educ., 73 NY2d 650; Pascucci v Town of Oyster Bay, supra). In other words, a landowner has "a duty to exercise care to make the

conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, [the] plaintiff has consented to them and the defendant has performed its duty" *(Turcotte v Fell, supra,* at 439; *see also, Pascucci v Town of Oyster Bay, supra)*. An exposed tree root is a reasonably foreseeable hazard of the sport of biking on unpaved trails, and one that would be readily observable. Moreover, the plaintiff, who had ridden the trails on the property at issue on three or four prior occasions, admitted that he had observed and avoided other exposed tree roots just prior to his alleged fall. Accordingly, the plaintiff assumed the risk of striking an exposed tree root. Thus, because the plaintiff otherwise failed to raise a triable issue of fact as to whether the tree root constituted a concealed or unreasonably increased risk, or that the defendant failed to make conditions at the park as safe as they appeared to be, the Supreme Court properly determined, as a matter of law, that in this case the doctrine of assumption of the risk constituted a complete defense to the action *(see, Benitez v New York City Bd. of Educ., supra; Turcotte v Fell, supra)*. Accordingly, the complaint was properly dismissed.

The plaintiff's remaining contentions are without merit. Bracken, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.