■ SHARON MAGOLOFF et al., Respondents, v TOWN OF SMITHTOWN, Respondent, and PAVETEC INDUSTRIES, INC., Appellant. [681 NYS2d 302] —In an action to recover damages for personal injuries, etc., the defendant Pavetec Industries, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 18, 1997, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff Sharon Magoloff allegedly sustained serious physical injuries when she lost control of her automobile while driving on a section of Pawnee Drive in Commack. Her car jumped the curb and collided with a tree. The day before the accident, the appellant Pavetec Industries, Inc. (hereinafter Pavetec) had resurfaced Pawnee Drive under a contract with the Town of Smithtown. The resurfacing consisted of the application of an asphalt emulsion followed by a layer of rock which was rolled and compacted. Mrs. Magoloff testified that there was "a lot of loose gravel" on the road at the time of her accident.

In moving for summary judgment, Pavetec submitted evidence demonstrating that Pawnee Drive was resurfaced in accordance with normal procedures, and that the road was safe for traffic after the process was completed. In opposition, the plaintiffs made no effort to quantify the amount of loose gravel, and offered no expert testimony that the resurfacing was not performed properly. Accordingly, the plaintiffs failed to raise a triable issue of fact as to whether Pavetec was negligent (*see, Kensy v Village of Southampton,* 206 AD2d 506), and the Supreme Court should have granted Pavetec's motion for sum-

mary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

In light of our determination, we need not consider Pavetec's remaining contention. Copertino, J. P., Sullivan, Krausman and Florio, JJ., concur.