(May 15, 2001)

■ Carmine Schiavone, Respondent, v Brinewood Rod & Gun Club, Inc., Appellant. [726 NYS2d 615] —Order, Supreme

Court, Bronx County (Joseph Giamboi, J.), entered on or about August 24, 2000, which denied defendant's motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint. Appeal from order, same court and Justice, entered December 5, 2000, which denied defendant's motion for leave to serve a late bill of particulars, unanimously dismissed, without costs, as moot.

Defendant is a not-for-profit recreational club in the Catskill Mountains near Accord, in Ulster County. It comprises 123 acres of land with a clubhouse, a storage shed, a driveway, rifle ranges and an unimproved dirt-bike path alongside a grassy field. The club does not maintain the path, but simply cuts the grass twice a year—once before July 4th and once before Labor Day. Before the accident in question, this trail had been in existence for about three years, and plaintiff, a club member, had traversed its course on a motorized dirt bike on four prior occasions.

Plaintiff reserved a cabin at the club for himself and two fellow members (Basile and Migliaccio), and an invited guest (Potenza). The four arrived on June 14, 1997, shortly before noon. The party removed their guns from the car and unloaded a four-wheel off-road vehicle they had brought with them. Within an hour of their arrival, plaintiff was out on the trail, driving a borrowed motorized dirt bike he had used before, with Potenza driving the four-wheeler behind him.

Minutes later, plaintiff hit a hole on the trail, which Potenza testified was approximately 10 to 12 inches deep. In December 1999, Potenza testified that the hole was all dirt and had no grass in it. His deposition transcript was later corrected to indicate that "there was some grass [in the hole] but mostly dirt." By June 2000, in his affidavit in opposition to defendant's summary judgment motion, Potenza's position had evolved to: "You could tell from the grass growing in the hole that the hole had been there for at least three to four weeks, probably longer."

The court's first order was in error. Plaintiff made no evidentiary showing that defendant had either created the hole or had actual notice of it. As for constructive notice, plaintiff relies entirely on the statement in Potenza's affidavit that he observed grass growing in the hole at the time of the accident, an assertion that is completely contrary to his original "uncorrected" deposition testimony. Such an unexplained reversal (*see, Rodriguez v Jones*, 227 AD2d 220) is inherently suspect as

a basis for opposing summary judgment (*see, Naposki v Au Bar*, 271 AD2d 371; *Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320; *Kistoo v City of New York*, 195 AD2d 403). Even were we to accept this *volte face* at face value, it still provides turf too thin to support a triable issue of fact. The presence or absence of grass growing in the hole tells us nothing about causation of an alleged defect or when the depression might have occurred. Simply put, the existence of the grass may have preceded the creation of the hole; a finding to the contrary would necessarily rest on pure speculation (*Gordon v American Museum of Natural History*, 67 NY2d 836).

Alternatively, defendant is entitled to summary judgment on the ground that plaintiff assumed the risk here as a matter of law. "[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation * * * risks which various participants are legally deemed to have accepted personal responsibility for because they commonly inhere in the nature of those activities" (*Morgan v State of New York*, 90 NY2d 471, 484). Under this formulation it follows that the duty of a landowner is "to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" (*Turcotte v Fell*, 68 NY2d 432, 439). In *Calise v City of New York* (239 AD2d 378), the plaintiff was thrown from his mountain bike when it struck an exposed tree root while he was riding an unpaved dirt-and-rock path in a park whose trails were familiar to him. The Second Department held that the biker's assumption of whatever risk was involved in this activity constituted a complete defense to the action. "It is not necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury" (*Maddox v City of New York*, 66 NY2d 270, 278).

In assessing defendant's duty, the standard is whether the alleged defect is "unique and created a dangerous condition over and above the usual dangers that are inherent in the sport" (*Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 970). Thus, the possibility of a hole on an unimproved, irregular dirt path (a trail created by repetitive bike riding, not by design) is inherent in the sport of dirt-bike riding and is not "unique" or a danger "over and above the usual dangers * * * inherent in the sport." Plaintiff conceded that this was an unimproved

path. He was therefore aware that by its very nature, it would have an irregular surface, presumably the very challenge that attracts dirt-bike riders as opposed to riding on a paved surface (*see, Calise v City of New York, supra*).

To the extent that we permit defendant to invoke the defense of assumption of risk, we reject the conclusion implicit in the IAS court's second order that defendant's failure to serve its bill of particulars within the 45-day period mandated by the preliminary conference stipulation resulted in conclusive waiver of that defense. In the absence of any showing of wilfulness, bad faith or prejudice to plaintiff, the drastic remedy of preclusion granted by the court was an improvident exercise of discretion (*see, Blanding v Return Hous. Corp.*, 277 AD2d 92; *Batra v Office Furniture Serv.*, 275 AD2d 229). Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Wallach and Buckley, JJ.