■ NINA GOLDBERG et al., Respondents, v TOWN OF HEMPSTEAD, Appellant. [733 NYS2d 691] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated September 11, 2000, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Here, the infant plaintiff, a fairly experienced cyclist, was riding her bicycle on a dirt base path of a baseball field owned and maintained by the defendant. She fell and injured her left ankle when her bicycle struck a hole in the ground that was open and obvious, as illustrated by a photograph submitted by the plaintiffs.

Since the risk of striking a hole and falling is an inherent risk in riding a bicycle on most outdoor surfaces (*see, Schiavone v Brinewood Rod & Gun Club,* 283 AD2d 234; *Calise v City of New York,* 239 AD2d 378), and the defective condition in this case was open and obvious, the infant plaintiff assumed the risk associated with riding her bicycle on the ballfield (*see, Sykes v County of Erie,* 94 NY2d 912, *affg* 263 AD2d 947; *Gamble v Town of Hempstead,* 281 AD2d 391; *Paone v County of Suffolk,* 251 AD2d 563; *Strauss v Town of Oyster Bay,* 201 AD2d 553). The defendant discharged its duty of care by making the field as safe as it appeared to be (*see, Turcotte v Fell,* 68 NY2d 432; *Gallagher v Town of N. Hempstead,* 144 AD2d 637). McGinity, J. P., Luciano, Feuerstein and Prudenti, JJ., concur.