■ MURRAY FURGANG et al., Appellants, v CLUB MED, INC., et al., Respondents. [753 NYS2d 359] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered August 20, 2001, dismissing the complaint pursuant to an order, same court and Justice, entered April 3, 2001, which, in an action for personal injuries sustained when plaintiff fell off a bike supplied by defendant resort while participating in a bicycle tour guided by defendant, granted defendant's motion for summary judgment, unanimously affirmed, without costs. Appeal from the order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The risk of encountering ruts and bumps while riding a bike over a rough roadway without a helmet is so obvious (*see Schiavone v Brinewood Rod & Gun Club*, 283 AD2d 234, 236-237), or should be to an experienced bicyclist such as plaintiff (*see Marcano v City of New York*, 296 AD2d 43, 47-48), that, as a matter of law, plaintiff assumed any risk inherent in the activity (*see Hawley v Binghamton Mets Baseball Club*, 262 AD2d 729, 732). Concur—Mazzarelli, J.P., Andrias, Buckley and Sullivan, JJ.

■ In the Matter of CHEYANNE M., a Child Alleged to be Permanently Neglected. ALBERTA M. et al., Appellants; LUTHERAN SOCIAL SERVICES OF METROPOLITAN NEW YORK, INC., Respondent. [753 NYS2d 360] —Order of disposition, Family Court, New York County (Sara Schechter, J.), entered on or about March 8, 1999, which, upon a fact-finding determination of permanent neglect, terminated respondents' parental rights to the subject child, committed the child's custody and guardianship to petitioner agency and the Commissioner of Social Services for the purposes of adoption, and, insofar as appealed from, made no provision for postadoption contact between respondents and the child, unanimously affirmed, without costs.

While postadoption contact is permitted in the context of a surrender agreement pursuant to Social Services Law § 383-c, it remains that "open adoption" is not a dispositional option in the context of a termination proceeding pursuant to Social Services Law § 384-b (*see Matter of Gregory B.*, 74 NY2d 77, 91; *Matter of Jacob*, 86 NY2d 651, 667). Accordingly, Family Court properly refused to consider it. Concur—Mazzarelli, J.P., Andrias, Buckley and Sullivan, JJ.