■ In the Matter of APRIL S. and Another, Children Alleged to be Permanently Neglected. EUGENA S., Respondent; ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant. LAW GUARDIAN FOR THE CHILDREN, Nonparty Appellant. [762 NYS2d 380] —Orders of disposition, Family Court, New York County (Helen Sturm, J.), entered on or about October 4, 2002, which, to the extent appealed from as limited by the briefs, directed postadoption visitation between respondent mother and the subject children in the context of terminating respondent's parental rights to the children, upon findings of permanent neglect pursuant to section 384-b of the Social Services Law, unanimously reversed, on the law, without costs, and the provision of the dispositional orders directing postadoption visitation vacated.

The Family Court erred in ordering postadoption visitation following a termination of parental rights pursuant to Social Services Law § 384-b. This Court has explained that "[w]hile postadoption contact is permitted in the context of a surrender agreement pursuant to Social Services Law § 383-c, it remains that 'open adoption' is not a dispositional option in the context of a termination proceeding pursuant to Social Services Law § 384-b" (*see Matter of Cheyanne M.*, 299 AD2d 162 [2002]). As the Court of Appeals noted in *Matter of Gregory B.* (74 NY2d 77, 91 [1989]), "[a]lthough adoptive parents are free, at their election, to permit contacts between the adopted child and the child's biological parent," section 384-b of the Social Services Law does not authorize the courts to *order* postadoption visits.

The Court in *Gregory B.* also emphasized that it is up to the Legislature to determine and direct which circumstances, if any, are amenable to the "open adoption" process (*id.*). Notably, the Legislature did so in 1990, when it enacted Social Services Law § 383-c, for the first time providing for procedures by which a parent may surrender a child conditioned upon the retention of certain rights of contact or visitation. From the fact that no alteration was made to section 384-b, it must be presumed that there was no legislative intent to extend the concept of open adoption to adoptions following parental terminations pursuant to section 384-b. Accordingly, the Family Court in this matter lacked statutory authority to order postadoption visitation.

Nor do we consider the Second Department's recent decision in *Matter of Corinthian Marie S.* (297 AD2d 382 [2002]) to be controlling, inasmuch as that matter involved exceptional circumstances not present here.

Inasmuch as the Attorney General was not notified of this appeal pursuant to Executive Law § 71, this Court will not rule on respondent's argument that permitting open adoption under Social Services Law § 383-c, but not under Social Services Law § 384-b, is unconstitutional (*see Matter of A & J Produce Corp. v Commissioner of Fin. of City of N.Y.*, 199 AD2d 99 [1993], *lv denied* 86 NY2d 701 [1995]; *Matter of Tiffany B.*, 111 AD2d 168 [1985], *lv denied* 65 NY2d 606 [1985], *cert denied sub nom. Blake v Nassau County Dept. of Social Servs.*, 474 US 862 [1985]). Concur—Tom, J.P., Saxe, Williams, Lerner and Marlow, JJ.