■ In the Matter of ALEXIS S.D., a Child Alleged to be Permanently Neglected. WANDA C., Appellant; EPISCOPAL SOCIAL SERVICES et al., Respondents. [776 NYS2d 287]—

Order of disposition, Family Court, New York County (Sara P. Schechter, J.), entered on or about August 28, 2002, after a fact-finding determination of permanent neglect, terminating respondent's parental rights to the subject child and committing the child's guardianship and custody to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence that respondent failed to complete a drug treatment program during the statutorily relevant time period (*see Matter of Dade Wynn F.*, 291 AD2d 218 [2002], *lv denied* 98 NY2d 604 [2002]), and also failed to separate from and indeed married her boyfriend, who had failed to complete domestic violence and drug rehabilitation programs as required by the dispositional order entered in the neglect proceeding and to

which he had been referred by the agency (*see Matter of Kimberly Rosemarie S.*, 211 AD2d 594 [1995], *lv denied* 85 NY2d 809 [1995]). The finding that termination of parental rights is in the child's best interests is supported by a preponderance of the evidence showing, inter alia, that the child is thriving in the home of her foster parents, and the absence of credible evidence that respondent has ended the objectionable relationship (*cf. Matter of Mia Tracy-Nellie G.*, 299 AD2d 186 [2002]). Under the circumstances, evidence that petitioner completed a drug rehabilitation program after the filing of the petition does not warrant a suspended judgment (*see Matter of Rutherford Roderick T.*, 4 AD2d 213 [2004]). Postadoption visitation is not a dispositional option (*Matter of April S.*, 307 AD2d 204 [2003], *lv denied* 1 NY3d 504 [2003]). Concur—Nardelli, J.P., Andrias, Ellerin, Lerner and Marlow, JJ.