█ SALVATORE M. SEDITA et al., Appellants, v CITY OF NEW YORK, Respondent. [777 NYS2d 327]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated May 23, 2003, as granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint and, in effect, denied that branch of their motion which was to compel the defendant to produce another witness for deposition.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 30, 1998, the injured plaintiff (hereinafter the plaintiff), then 16 years old, struck a rock while riding a motorized dirt bike in a grassy area of the "Four Diamonds" ballfield located at Drier-Offerman Park in Brooklyn (hereinafter the Park). The plaintiff previously rode the dirt bike in the same ballfield at the Park. One of the plaintiff's witnesses asserted in an affidavit that he saw the subject rock, which was used to secure a soccer goal, on a "number of occasions" in the ballfield since October 1997. The plaintiff's witness also estimated the plaintiff's speed at the time of the accident to be 35 miles per hour. The plaintiff was not wearing any protective gear.

The plaintiffs commenced this action against the defendant, which owned and maintained the Park. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint, on the ground that the plaintiff assumed the risk of hitting a rock in the open field. We affirm.

"[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York,* 90 NY2d 471, 484 [1997]; *Calise v City of New York,* 239 AD2d 378 [1997]). A participant consents to the risk of "those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (*Turcotte v Fell,* 68 NY2d 432, 439 [1986]). "It is not necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York,* 66

NY2d 270, 278 [1985]; *Schiavone v Brinewood Rod & Gun Club*, 283 AD2d 234, 236 [2001]).

In this case, the defendant made a prima facie showing of entitlement to judgment as a matter of law (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Schiavone v Brinewood Rod & Gun Club, supra*; *Boen v Ski Plattekill*, 282 AD2d 563 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

In light of our determination, we do not address the plaintiffs' remaining contentions. Smith, J.P., H. Miller, S. Miller and Luciano, JJ., concur.