■ DIANNE M. DOBERT et al., Appellants, v STATE OF NEW YORK, Respondent. [779 NYS2d 143]—

Carpinello, J. Appeal from an order of the Court of Claims (Hard, J.), entered October 27, 2003, which, inter alia, granted defendant's motion for summary judgment dismissing the claim.

On July 16, 2000, claimant Dianne M. Dobert (hereinafter claimant) was riding her bicycle on a rough macadam roadway in a public campground owned and operated by defendant in the midst of the Adirondacks. She claims that a depression in the roadway caused her to fall off the bicycle and that defendant is liable for her resultant personal injuries. She now appeals from an order of the Court of Claims which granted defendant's motion for summary judgment dismissing her claim on the basis that her fall was a risk inherent in the sport of bicycle riding. We agree and thus affirm.

The allegedly defective condition in the roadway, namely, a slight depression, was the result of a cut made in the pavement some years earlier to install a water line. Although the cut had been repaired, the slight depression occurred, presumably

because of soil settling. Significantly, plaintiff acknowledged that this condition was readily observable.

It is well settled that in the context of sporting and recreational activities, a property owner's legal obligation to a participant is only to make the conditions as safe as they appear to be (*see e.g. Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *Hofflich v Mendell*, 235 AD2d 784, 785 [1997]). "[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation," thus barring any legally cognizable cause of action attributable to such known risks (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). Here, plaintiff had no reason to expect a perfectly smooth roadway, and she acknowledged that the depression in the road was readily discernable (*cf. Berfas v Town of Oyster Bay*, 286 AD2d 466 [2001]; *Weller v Colleges of the Senecas*, 217 AD2d 280 [1995]). Under these circumstances, the risk of injury from falling off her bicycle was inherent in this activity and she cannot recover from defendant (*see Furgang v Club Med*, 299 AD2d 162 [2002], *lv denied* 99 NY2d 504 [2003]).

Spain, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.