■ PATRICK RESTAINO, Appellant, v YONKERS BOARD OF EDUCATION et al., Respondents. [785 NYS2d 711]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered December 12, 2003, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, an adult recreational bicyclist, was injured when his bicycle struck a pothole or rut in the closed parking lot/driveway area of a public school near his residence. The plaintiff had bicycled in the school lot on at least 10 previous occasions and, on the date of his accident, had successfully avoided three or four other hazards in the lot during the 20 minutes preceding his fall.

Here, the defendants sustained their burden of demonstrating prima facie both that the plaintiff assumed the risks associated with riding his bicycle in the school lot and that the premises were as safe as they appeared to be (*see Sedita v City of New York*, 8 AD3d 256 [2004]; *Furgang v Club Med*, 299 AD2d 162 [2002]; *Goldberg v Town of Hempstead*, 289 AD2d 198 [2001]; *Schiavone v Brinewood Rod & Gun Club*, 283 AD2d 234 [2001]; *Calise v City of New York*, 239 AD2d 378 [1997]; *Kensy v Village of Southampton*, 206 AD2d 506 [1994]). The plaintiff failed to come forward with evidence sufficient to raise a triable issue of fact in opposition. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment based on the doctrine of primary assumption of risk.

In view of the foregoing, we need not consider the parties' remaining contentions. Smith, J.P., Crane, Mastro and Skelos, JJ., concur.