■ JANE E. SCHARICK, Individually and as Parent and Natural Guardian of ADAM HULL, an Infant, Respondent, v NICHOLAS A. REEVES et al., Appellants, et al., Defendant. (Action No. 1.) NICHOLAS A. REEVES et al., Appellants, v JANE E. SCHARICK, Individually and as Parent and Natural Guardian of ADAM HULL, an Infant, Respondent. (Action No. 2.) (Appeal No. 1.) [787 NYS2d 572]—

Appeals from an order of the Supreme Court, Cayuga County (Peter E. Corning, A.J.), entered March 16, 2004. The order denied the respective motions of defendants Nicholas A. Reeves

and Karen M. Reeves and defendant Town of Springport for summary judgment dismissing the complaint and cross claims against them in action No. 1 and denied the motion of plaintiffs Nicholas A. Reeves and Karen M. Reeves to dismiss the answer and for partial summary judgment on the issue of liability in action No. 2.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Jane E. Scharick, the plaintiff in action No. 1 and the defendant in action No. 2, commenced action No. 1, individually and as parent and natural guardian of her 13-year-old son, Adam Hull, seeking damages for injuries that he sustained while riding his bicycle. Hull's bicycle collided with a motorcycle driven by Nicholas A. Reeves (Reeves) and owned by his mother, Karen M. Reeves, both of whom are defendants in action No. 1 and the plaintiffs in action No. 2. In addition to Reeves and his mother, Scharick commenced action No. 1 against the Town of Springport (Town), and the County of Cayuga (County), and Reeves and his mother commenced action No. 2 against Scharick, individually and as parent and natural guardian of Hull.

With respect to appeal No. 1, we conclude that Supreme Court properly denied the respective motions of Reeves and his mother and the Town for summary judgment dismissing the complaint and cross claims against them in action No. 1, and the motion of Reeves and his mother seeking dismissal of Scharick's answer in action No. 2 and seeking partial summary judgment on liability in that action. Reeves and his mother failed to meet their initial burden of establishing their entitlement to judgment as a matter of law with respect to both of their motions. They failed to establish that Reeves was operating his motorcycle in a lawful and prudent manner and that there was nothing he could have done to avoid the collision (*see Cooley v Urban*, 1 AD3d 900, 900-901 [2003]). Indeed, there is evidence in the record that Reeves was speeding and was on the wrong side of the road at the time of the collision. Moreover, there is evidence in the record that Reeves may have failed to use reasonable care when he proceeded into the intersection despite his knowledge that his view was obstructed and that there were loose stones on the sides of the intersection (*see Deshaies v Prudential Rochester Realty*, 302 AD2d 999, 1000 [2003]; *Doctor v Juliana*, 277 AD2d 1013, 1014 [2000]). Even assuming, arguendo, that the Town met its initial burden on its motion in action No. 1, we conclude that Scharick raised a triable issue of fact whether the Town created a dangerous condition by failing to remove loose

stones after the recent chip and seal resurfacing (*see Armstrong v Bacher*, 306 NY 610, 612 [1953]; *Hughes v State of New York*, 14 AD2d 449, 450-451 [1961]). Specifically, Scharick raised issues of fact concerning the amount of loose gravel at the intersection and whether the Town had resurfaced the road in a proper manner (*cf. Magoloff v Town of Smithtown*, 256 AD2d 315 [1998]; *Kensy v Village of Southampton*, 206 AD2d 506, 506-507 [1994]).

With respect to appeal No. 2, the Town contends only that the court erred in granting that part of the motion of the County for summary judgment dismissing the Town's cross claims against it in action No. 1. The County met its initial burden of establishing its entitlement to judgment as a matter of law and the Town failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The contentions of the Town that are raised for the first time on appeal are not properly before us (*see Avraham v Allied Realty Corp.*, 8 AD3d 1079 [2004]; *Walpole v Lockhart*, 6 AD3d 1087, 1088 [2004]; *see generally Bingham v New York City Tr. Auth.*, 99 NY2d 355, 359 [2003]). Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.