Matter of Jovan J. (Lisa J.) (2005 NY Slip Op 50795(U))

[*1]

Matter of Jovan J. (Lisa J.)

2005 NY Slip Op 50795(U)

Decided on March 7, 2005

Family Court, Monroe County

Ruhlmann, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 7, 2005

Family Court, Monroe County
In the Matter of JOVAN J. Child under the Age of Eighteen Years Permanently Neglected by LISA J., RESPONDENT.
B08637-02/04A

Peter Andrew Essley, Esq. for Petitioner
Robert P. Turner, Esq. for Respondent
John A. Annechino, Esq., Law Guardian

Dandrea L. Ruhlmann, J.
Lisa J. (Respondent) was adjudged to have permanently neglected her son, Jovan. This Court, by the Honorable Joan S. Kohout, suspended judgment for a period of 12 months commencing on September 19, 2003. By petition filed on February 6, 2004, Child Protective Services Caseworker for the Monroe County Department of Human Services Judith Gilbert (Petitioner) alleged that Respondent violated the terms of the Order Suspending Judgment entered October 13, 2003 and a dispositional hearing was held. The Court finds by a preponderance of the evidence that Respondent did not comply with the terms of the Order Suspending Judgment and it is in Jovan's best interests that Respondent's parental rights be terminated.
A suspended judgment provides a parent previously found to have permanently neglected his or her child with, "a brief grace period of up to one year 'designed to prepare the parent to be reunited with the child'" ( Matter of Trisha K., 9 AD3d 900, 901 [4th Dept 2004], quoting Matter of Michael B., 80 NY2d 299, 311 [1992]; Family Ct Act § 633). During such time period, the parent must comply with the provisions of the suspended judgment and Family Court may revoke the suspended judgment and terminate parental rights if a preponderance of the evidence indicates a parent's noncompliance with the terms thereof (22 NYCRR § 205.50 [d]; Matter of Gerald M., 112 AD2d 6 [4th Dept 1985]). However, "in the unusual situation where, despite [*2]noncompliance with the suspended judgment, it becomes apparent at the revocation hearing that termination of parental rights may no longer be in the best interest of [a] [child], the noncompliance does not compel revocation of the parental rights" ( Matter of Amber A.A., 301 AD2d 694, 697 [3d Dept 2003]; see Matter of Nicole Lee B., 256 AD2d 1103 [4th Dept 1998]).
Here, there is no factual dispute that Respondent did not comply with the terms of the Order Suspending Judgment. By its terms, Respondent was required to, inter alia, (1) attend weekly visitation with Jovan; (2) provide a safe and supervised environment for Jovan including suitable housing; (3) actively participate in mental health treatment; and (4) participate in Jovan's counseling. Respondent, herself, admitted that she missed about half of her visits with Jovan. During two of the visits, Respondent engaged in physical altercations with other family members. Respondent also admitted that she does not have safe housing. Of most concern to the Court, Respondent has not participated in Jovan's counseling and has not followed through with her own mental health counseling. Respondent was diagnosed with post traumatic stress disorder, a psychotic disorder and a personality disorder but was discharged from treatment because of lost contact.
Despite these facts, Respondent argues that the suspended judgment should be extended for a six-month period based upon Jovan's strong bonds with Respondent and his sister, Rasheema. There is a pending termination petition with regard to Rasheema and Respondent and the Law Guardian contend that it would be in Jovan's best interests for both matters to be concluded at the same time. Respondent and the Law Guardian rely on Jovan's desire that visitation with his mother continue.
In Matter of Amber A.A. (supra), although respondent did not fully comply with the terms of an order suspending judgment, the Court did not terminate respondent's parental rights because the children continued to maintain significant contact with respondent, did not want to be adopted and were closely bonded with one another. In Matter of Nicole Lee B. (supra), the Court also did not terminate respondent's parental rights despite non-compliance with a suspended judgment because respondent was making progress and the children were doing relatively well in respondent's care.
Unlike the above-cited cases where there were some signs that respondents were showing improvement, there is no such sign here. Jovan moreover has bonded with his foster mother and, indeed, wishes to be adopted by her. Although Respondent and the Law Guardian have proposed a six-month extension of the suspended judgment so that the termination matters for Jovan and Rasheema may conclude simultaneously, neither has shown that this would be in Jovan's best interests.[FN1] To the contrary, the Court credits Petitioner's evidence including the testimony of caseworker Judith Gilbert and the admitted exhibit report of therapist Cara Klein that Respondent "may not be capable of providing a safe and stable home for Jovan, given her current unstable lifestyle" (Petitioner's Exhibit 4). Respondent did not submit any evidence suggesting that within six months Respondent's lifestyle will change. Therefore, if the Court were to extend the placement, six months from now the Court would again be [*3]faced with the same situation. Jovan has already remained under his current foster care placement for sixty-four (64) months and deserves permanency at this time.
The Court grapples with the fact that permanency is paramount to promote Jovan's best interests, yet the Law Guardian has expressed in no uncertain terms that Jovan loves his biological mother and enjoys visits with her. Ideally the law would provide a mechanism by which the Court could encourage a relationship other than a traditional mother/son relationship between Respondent and Jovan. Nonetheless, the Court cannot order visitation between Respondent and Jovan in the context of this termination proceeding following a finding of permanent neglect ( see Matter of Alexis S.D., 7 AD3d 359 [1st Dept 2004]; Matter of April S., 307 AD2d 204 [1st Dept 2003], lv denied 1 NY3d 504 [2003]; Matter of Cheyanne M., 299 AD2d 162 [1st Dept 2002]), and thus is compelled to only strongly recommend that even after Jovan is freed for adoption that Jovan's foster/adoptive mother permit contact between Jovan and Respondent so that Respondent can remain a part of Jovan's life ( see e.g. Matter of Gregory B., 74 NY2d 77, 91 [1989] ["adoptive parents are free, at their election, to permit contacts between the adopted child and the child's biological parent"] [FN2]).
NOW THEREFORE, it is
ADJUDGED by a preponderance of the evidence that Respondent violated the terms of the Order Suspending Judgment entered October 13, 2003; and it is further
ADJUDGED that it is in the best interests of Jovan that Respondent's parental rights be terminated; and it is further
ORDERED that Respondent's parental rights are terminated; and it is further
ORDERED that the custody and guardianship of Jovan is committed to Monroe County Department of Human Services for the purpose of adoption.
Dated this 4th day of March, 2005 at Rochester, New York.
___________________________________
HON. DANDREA L. RUHLMANN
FAMILY COURT JUDGE
PURSUANT TO § 1113 OF THE FAMILY COURT ACT, AN APPEAL MUST BE TAKEN WITHIN THIRTY DAYS OF THE RECEIPT OF THE ORDER BY APPELLANT IN COURT, THIRTY-FIVE DAYS FROM THE MAILING OF THE ORDER TO THE APPELLANT BY THE CLERK OF THE COURT, OR THIRTY DAYS AFTER SERVICE [*4]BY A PARTY OR LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Footnotes

Footnote 1: The Court afforded the parties an opportunity to submit argument as to whether the suspended judgment should be continued. Only Petitioner made such submission and argued that a continuation would not be in Jovan's best interests. 

Footnote 2: The Court in Gregory B. emphasized that it was up to the Legislature to determine which circumstances are amenable to an "open adoption" process. The Legislature did so in 1990 when it enacted Social Services Law § 383-c providing for procedures by which a parent may surrender a child conditional upon the retention of certain visitation rights. No such legislative change was made to Social Services Law § 384-b; however, there is case law affirming orders allowing some visitation with a biological parent after the parent's rights were terminated due to mental retardation under Social Services Law § 384-b (4) (c) (see e.g. Matter of Corinthian Marie S., 297 AD2d 382 [2d Dept 2002]; Matter of Stephen B., 176 AD2d 1204 [4th Dept 1991]; Matter of Angela Marie N., 223 AD2d 423 [1st Dept 1996]).