■ AMANDA S. KILMER et al., Respondents, v TOWN OF PORTER et al., Appellants, et al., Defendant. [877 NYS2d 567]—

Appeals from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered April 30, 2008 in a personal injury action. The order denied the motion of defendant Suit-Kote Corporation and the cross motion of defendant Town of Porter for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion and dismissing the amended complaint and cross claim against defendant Suit-Kote Corporation and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff Amanda S. Kilmer when she lost control of the vehicle she was operating on a road that had been resurfaced with oil and stone by defendant Suit-Kote Corporation (Suit-Kote) two days before the accident. According to plaintiffs, the road was in a dangerous condition because of the presence of excess loose stones and the absence of appropriate warning and traffic control signs. Suit-Kote moved and defendant Town of Porter (Town) cross-moved for summary judgment dismissing the amended complaint and respective cross claims against them.

Addressing first the Town's cross motion, we conclude that Supreme Court properly denied the cross motion. Even assuming, arguendo, that the Town met its initial burden, we conclude that plaintiffs "raised a triable issue of fact whether the Town created a dangerous condition by failing to remove loose stones" from the road in a timely manner following the oil and stone resurfacing (*Scharick v Reeves*, 13 AD3d 1131, 1132-1133 [2004]). In addition, plaintiffs raised a triable issue of fact whether the Town was negligent in failing to post adequate signage to reduce the speed limit on the road in accordance with New York State Department of Transportation specifications (*see generally Bailey v State of New York*, 161 AD2d 912, 913 [1990]).

We further conclude, however, that the court erred in denying Suit-Kote's motion, and we therefore modify the order accordingly. Suit-Kote met its initial burden by submitting evidence

"demonstrating that [the road] was resurfaced in accordance with normal procedures . . . and that the road was safe for traffic after the process was completed. In opposition, the plaintiffs made no effort to quantify the amount of loose [stones] and offered no expert testimony that the resurfacing was not performed properly" (*Magoloff v Town of Smithtown*, 256 AD2d 315, 315 [1998]; *cf. Carlson v Town of Mina*, 31 AD3d 1176, 1177-1178 [2006]). Thus, plaintiffs failed to raise a triable issue of fact whether Suit-Kote was negligent (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Centra, J.P., Peradotto, Carni, Green and Pine, JJ.