■ In the Matter of JASMINE PAULINE M., an Infant. ENCARNACION N.S., Appellant; JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent. [879 NYS2d 407]—

Order, Family Court, New York County (Sara P. Schechter, J.), entered on or about March 14, 2008, which terminated respondent mother's parental rights and committed custody and guardianship of the child to petitioner agency and the Commis-

sioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence, including expert testimony from the psychologist who examined respondent and reviewed all her available medical records, supported the determination that she is presently and for the foreseeable future unable to provide proper and adequate care for her children (Social Services Law § 384-b [4] [c]) by reason of mental illness (subd [6] [a]) or mental retardation (subd [6] [b]). The evidence showed that even though respondent's adaptive skills had improved, they were not enough to ensure the safety of her child while in her care (*Matter of Leomia Louise C.*, 41 AD3d 249 [2007]).

Termination of respondent's parental rights was proper inasmuch as adoption represents the child's only prospect of a permanent, stable and nurturing familial disposition (*Matter of Nadaniel Jackie P.*, 35 AD3d 305 [2006]). The court was not required to issue an order directing posttermination visitation between respondent and her child (*Matter of April S.*, 307 AD2d 204 [2003], *lv denied* 1 NY3d 504 [2003]). Concur—Andrias, J.P., Friedman, Buckley, Acosta and DeGrasse, JJ.