■ AARON W. MORALES, Respondent, v CORAM MATERIALS CORP. et al., Defendants, and PRO-TEK SECURITY SYSTEM, INC., Appellant. [883 NYS2d 311]—

In an action to recover damages for personal injuries, the defendant Pro-Tek Security System, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated December 13, 2006, as denied its cross motion for leave to renew that branch of its prior cross motion which was for summary judgment dismissing the complaint insofar as asserted against it, which had been denied in an order dated January 3, 2006.

Ordered that the order dated December 13, 2006, is reversed insofar as appealed from, on the law, with costs, the cross motion of the defendant Pro-Tek Security System, Inc., for leave to renew is granted and, upon renewal, so much of the order dated January 3, 2006, as denied that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against Pro-Tek Security System, Inc., is vacated, and that branch of the cross motion is granted.

On June 14, 2003, the plaintiff and three friends were riding their all-terrain vehicles, commonly referred to as ATVs, on property owned by the defendant Coram Materials Corp. (hereinafter Coram). The evidence presented by the appellant upon renewal established that the plaintiff was an experienced ATV rider. He began riding ATVs in 1996 and purchased the ATV he was riding at the time of his injury approximately five years before the accident. The subject property, located in Miller Place, is approximately 400 acres and largely consists of a sand and gravel mine operated by Coram. Upon entering the property, from a vantage point of approximately 100 feet above the sand and gravel mine, the plaintiff observed hills of sand, rocks, and gravel and construction equipment, including bulldozers, payloaders, and conveyor belts. Shortly after entering the property, the plaintiff and his friends encountered a security guard employed by the defendant Pro-Tek Security System, Inc. (hereinafter Pro-Tek), which had been retained by Coram to provide security services at the sand and gravel mine. Immediately prior to encountering the security guard, one of the plaintiff's fellow riders fell off his ATV while riding down a hill. After encountering the security guard, the plaintiff ascended a 40- or 50-foot hill of sand and gravel, the far side of which had been excavated

for mining purposes. As the plaintiff drove over the top of the hill, he observed that the center of the hill was "missing." The plaintiff braked but was unable to stop and fell approximately 40 or 50 feet, sustaining serious injuries. Although the plaintiff was not aware that the hill had been excavated on the opposite side of that which he ascended, he failed to explore the area prior to his ascent. Moreover, he was aware that the hill was not part of the natural terrain, but rather was created by the machinery located on the property.

Contrary to the determination of the Supreme Court, the deposition testimony which had not been elicited at the time of Pro-Tek's original motion for summary judgment was new evidence for the purpose of a motion for leave to renew (*see Ramirez v Khan,* 60 AD3d 748 [2009]; *Staib v City of New York,* 289 AD2d 560 [2001]; *J.D. Structures v Waldbaum,* 282 AD2d 434 [2001]).

By submitting new facts not previously available, Pro-Tek established its prima facie entitlement to summary judgment under the doctrine of primary assumption of risk (*see* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The facts presented established, prima facie, that the plaintiff implicitly consented to those injury-causing events which are inherent in the nature of the sport, that is, those events which are known, apparent, or reasonably foreseeable consequences of the plaintiff's voluntary participation such that the defendant is deemed to have discharged its duty of care (*see generally Turcotte v Fell,* 68 NY2d 432, 439 [1986]; *Morgan v State of New York,* 90 NY2d 471, 484-486 [1997]). The evidence presented by the movant established that the conditions observed by the plaintiff upon entering the property were fully comprehended or perfectly obvious to the plaintiff (*see Turcotte v Fell,* 68 NY2d at 439) who testified at his deposition that he observed the sand and gravel mine, and its hills and construction equipment, from approximately 100 feet above when he entered the property. The doctrine of primary assumption of risk is particularly applicable to the recreational activity of ATV riding on terrain such as an active sand and gravel mine (*see Sedita v City of New York,* 8 AD3d 256 [2004]; *Schiavone v Brinewood Rod & Gun Club,* 283 AD2d 234, 236-237 [2001]). As the name implies, all-terrain vehicle riders are no doubt attracted to the irregular nature of the terrain inherent in a sand and gravel mine as opposed to the experience of riding on a paved surface (*see Cotty v Town of Southampton,* 64 AD3d 251 [2009]; *Schiavone v Brinewood Rod & Gun Club,* 283 AD2d at 237).

In opposition to Pro Tek's prima facie showing, upon renewal, of its entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether the excavation of the side of the hill where his accident occurred was so unique as to create "a dangerous condition over and above the usual dangers that are inherent in the sport" of ATV riding in an active sand and gravel mine (*Owen v R.J.S. Safety Equip.,* 79 NY2d 967, 970 [1992]; *see Schiavone v Brinewood Rod & Gun Club,* 283 AD2d at 236).

In light of our determination, the plaintiff's remaining contentions either have been rendered academic or are without merit. Skelos, J.P., Fisher, Leventhal and Lott, JJ., concur.