▪ TAHSIN MAMATI, Appellant, v CITY OF NEW YORK PARKS & RECREATION et al., Respondents. [997 NYS2d 731]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered September 11, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was riding his motocross bicycle, popularly known as a BMX bike, on a dirt bike trail in Cunningham Park in Queens when he allegedly was injured while jumping his bicycle off of a dirt mound.

The defendants moved for summary judgment dismissing the complaint on the ground, inter alia, that the action was barred by the doctrine of primary assumption of risk, since the plaintiff voluntarily jumped his bicycle from one dirt mound to another on the trail and, thus, assumed the risk of injury. The Supreme Court granted the motion, and we affirm.

Under the doctrine of primary assumption of risk, a person who voluntarily participates in a sporting or recreational activity generally consents, by his or her participation, to those injury-causing events, conditions, and risks which are inherent in and arise out of the nature of the activity (*see Morgan v State*

*of New York*, 90 NY2d 471, 484 [1997]; *Turcotte v Fell*, 68 NY2d 432, 439 [1986]). Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation (*see Morgan v State of New York*, 90 NY2d at 484; *Turcotte v Fell*, 68 NY2d at 439). "If the risks of the activity are fully comprehended or perfectly obvious, [the] plaintiff has consented to them and [the] defendant has performed its duty" by making the conditions as safe as they appear to be (*Turcotte v Fell*, 68 NY2d at 439; *see Brown v City of New York*, 69 AD3d 893, 893 [2010]; *Marshall v City of New Rochelle*, 15 AD3d 456 [2005]; *Restaino v Yonkers Bd. of Educ.*, 13 AD3d 432 [2004]; *Dobert v State of New York*, 8 AD3d 873 [2004]; *Vecchione v Middle Country Cent. School Dist.*, 300 AD2d 471 [2002]; *Verro v New York Racing Assn.*, 142 AD2d 396 [1989]). This includes risks associated with the construction of the playing surface and any open and obvious condition on it (*see Ziegelmeyer v United States Olympic Comm.*, 7 NY3d 893 [2006]; *Sykes v County of Erie*, 94 NY2d 912 [2000]; *Welch v Board of Educ. of City of N.Y.*, 272 AD2d 469, 469 [2000]; *see e.g. Rivera v Glen Oaks Vil. Owners, Inc.*, 41 AD3d 817, 820-821 [2007]; *Restaino v Yonkers Bd. of Educ.*, 13 AD3d 432 [2004]; *Goldberg v Town of Hempstead*, 289 AD2d 198 [2001]; *Calise v City of New York*, 239 AD2d 378, 379 [1997]).

In support of their motion, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff assumed the risk of his injuries by voluntarily jumping his bicycle from the subject dirt mound, and that the plaintiff was fully aware of the condition of the mound at the time of the accident, as he successfully jumped off the mound twice prior to the accident (*see Calise v City of New York*, 239 AD2d at 378). In opposition, the plaintiff failed to show that the doctrine of primary assumption of risk was inapplicable. The plaintiff submitted the affidavit of an engineer, who had no stated expertise relating to motocross bicycling, and, in any event, the affidavit was speculative, conclusory, and lacking in foundation (*see Boyle v Pottery Barn Outlet*, 117 AD3d 665 [2014]; *Paladino v Time Warner Cable of N.Y. City*, 16 AD3d 646, 648 [2005]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Hall, Austin and Barros, JJ., concur.