■ In the Matter of JOHN SANTOSKY, et al., Appellants, v THOMAS ROACH, as Commissioner of the Ulster County Department of Social Services, Respondent.—Casey, J. P. Appeal from an order of the Family Court of Ulster County (Peters, J.), entered June 5, 1989, which dismissed petitioners' application, in a proceeding pursuant to Family Court Act article 6 for custody of their biological son.

On a prior appeal *(Matter of John AA. v Kramer,* 89 AD2d 738), we affirmed a judgment of Family Court which permanently terminated petitioners' parental rights regarding their son, then nine years of age. Thereafter, the child was placed with the Ulster County Department of Social Services and was subsequently adopted. Problems arose between the adoptive parents and the child, which resulted in the surrender of the child (then age 16 years) back to the Department. The child was then placed in foster care while the Department sought to place him in a "residential setting". When informed of the proposed placement, the child absconded and contacted petitioners, with whom he had no communication for eight years. Petitioners instituted this proceeding seeking custody of the child who had been returned to foster care. Respondent moved to dismiss the petition. Family Court granted respondent's motion, finding that petitioners lacked standing to petition for custody and that the proceeding was barred by res judicata. Petitioners appeal.

Inasmuch as petitioners' natural parental rights have been previously terminated as the result of permanent neglect, we agree with Family Court that petitioners lack standing to bring this proceeding. The termination of petitioners' parental rights necessarily included the denial of physical custody, "as well as the rights ever to visit, communicate with, or *regain custody of the child" (Santosky v Kramer,* 455 US 745, 749 [emphasis supplied]). Lacking any legal relationship that would give rise to a claim of custody, and with the child

presently under the jurisdiction of respondent, petitioners have not demonstrated the necessary stake in the outcome of this matter (see, Matter of Mavis M., 110 Misc 2d 297).

Order affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.