In the Matter of CORINTHIAN MARIE S. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; LINDA MARIE S., Respondent. (Proceeding No. 1.) In the Matter of KEITH LITTLE S. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; LINDA MARIE S., Respondent. (Proceeding No. 2.) [746 NYS2d 606]

This Court has recognized that continued relations between a child and a natural parent may be in the child's best interests even after adoption. Particularly, this Court stated in *Matter of McDevitt* (176 App Div 418, 423), that the "Supreme Court has ample power at law and in equity to promote the welfare of the child, notwithstanding a legal adoption * * * and the power to permit and to regulate visitation on the part of the mother is, of course, included." Although the petitioner objected to the mother having visitation rights after termination of her parental rights, both the Law Guardian and the prospective adoptive parents consented to such visitation. In light of the totality of the circumstances herein, including the best interests of the children, the Family Court properly directed visitation with the children after the mother's parental rights were terminated due to her mental retardation (*see Matter of Angela Marie N.,* 223 AD2d 423; *Matter of Elizabeth Q.,* 126 AD2d 905; *Matter of Dana Marie E.,* 128 Misc 2d 1018).

The petitioner's remaining contention is unpreserved for appellate review and, in any event, is without merit. Florio, J.P., S. Miller, Townes and Cozier, JJ., concur.