■ In the Matter of SHANE J., Appellant, v CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [757 NYS2d 912] —Rose, J. Appeal from an order of the Family Court of Cortland County (Ames, J.), entered May 14, 2002, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition.

Six months after Family Court decided to permanently terminate petitioner's parental rights in a proceeding brought by respondent pursuant to Social Services Law § 384-b, and approximately one month before entry of the order of termination which we recently affirmed (*Matter of Shane I.*, 300 AD2d 709 [2002]), petitioner commenced this proceeding seeking mail contact and visitation with the child. Respondent then moved to dismiss the petition. Family Court granted respondent's motion, finding that petitioner had no standing to seek visitation. Petitioner appeals.

Inasmuch as petitioner's parental rights were terminated in an adversarial proceeding as the result of permanent neglect, we affirm. It is well settled that the termination of petitioner's parental rights necessarily included the denial of "the rights ever to visit, communicate with, or regain custody of the child" (*Santosky v Kramer*, 455 US 745, 749 [1982]; *see Matter of Adam S.*, 287 AD2d 723, 724 [2001]; *Matter of Rita VV.*, 209 AD2d 866, 868 [1994], *lv denied* 85 NY2d 811 [1995]; *Matter of Santosky v Roach*, 161 AD2d 908 [1990], *lv dismissed* 76 NY2d 981 [1990]). Thus, petitioner lacked standing, and the timing of his application for visitation before the order terminating his parental rights was entered in no way warrants a different result.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.