■ In the Matter of LOVELL RAESHAWN McC., Also Known as LOVELL McC. LITTLE FLOWER CHILDREN'S SERVICES, Respondent-Appellant; SHAWN DANA F., Also Known as SHAWN McC., et al., Appellants-Respondents. [764 NYS2d 714] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of abandonment, the parents, Shawn Dana F., also known as Shawn McC. and Arthur McC., separately appeal, as limited by their respective briefs, from so much of an order of fact-finding and disposition of the Family Court, Queens County (Hunt, J.), dated April 23, 2001, as, after fact-finding and dispositional hearings, found that they abandoned the subject child, terminated their parental rights, and transferred custody and guardianship rights jointly to the petitioner, Little Flower Children's Services, and the Commissioner of Social Services of the City of New York for the purpose of adoption, and the petitioner cross-appeals from so much of the same order as granted the application of Shawn McC. to permit the parents and a sibling to continue biweekly visitation with the subject child pending further order of the court.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the application of Shawn McC. to permit the parents and a sibling to continue biweekly visitation with the subject child pending further order of the court and substituting therefor a provision denying that application and referring the issue of visitation between the subject child and her sibling "P.J." to the court hearing the adoption petition; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Family Court properly determined that there was clear and convincing proof that the father had abandoned the child by failing to visit or communicate with her during the six months preceding the date on which the petition was filed. The father failed to offer any evidence to rebut the presumption that he was able to do so, or that the Administration for Children's Services (hereinafter the ACS) or the petitioner

prevented or discouraged him from doing so (see Social Services Law § 384-b [5]; *Matter of Julius P.,* 63 NY2d 477, 481 [1984]; *Matter of Joseph S.,* 298 AD2d 588 [2002]; *Matter of T. Children,* 284 AD2d 401 [2001]; *Matter of Nahiem G.,* 241 AD2d 632 [1997]).

The Family Court also properly determined that there was clear and convincing proof that the mother had abandoned the child. The mother did not dispute that she did not visit or communicate with the child before the petition was filed, and she failed to rebut the presumption that she was able to do so. There was no evidence that her "drug use so permeated her life that such contact [with the child] was not feasible" (*Matter of Crystal C.,* 219 AD2d 601, 602 [1995]). The mother was aware that the child had been placed with the ACS, and she was familiar with the foster care system as she had other children in foster care. Moreover, there was no evidence that the ACS or the petitioner prevented or discouraged her from communicating with the child. The petitioner, having determined to proceed on the ground of abandonment, was not obligated to prove that diligent efforts were made to encourage and strengthen the parental relationship (*see Matter of Anonymous,* 40 NY2d 96, 103 [1976]; *Matter of Tony Reyes W.,* 266 AD2d 222 [1999]; *Matter of John T.,* 260 AD2d 642 [1999]).

The evidence elicited at the dispositional hearing established that it was in the child's best interest to terminate the parents' rights and to free the child for adoption by the foster mother, with whom she had resided since she was two weeks old (*see Matter of Tenisha T.,* 302 AD2d 534 [2003]; *Matter of St. Christopher-Ottillie v Troy Donnell M.,* 210 AD2d 233 [1994]). While we need not and do not reach the issue of whether a suspended judgment is a permissible disposition in a proceeding pursuant to Social Services Law § 384-b (4) (b), nonetheless, we conclude that the Family Court properly rejected the parents' request for a suspended judgment to enable them to develop a relationship with the child (*see Matter of Shaka Efion C.,* 207 AD2d 740, 741 [1994]). The foster mother was able to provide the child with a permanent, stable home, and the Family Court recognized that it would be traumatic for the child to remove her from the only home she had ever known.

We conclude, however, that the Family Court erred in granting the mother's application to permit the parents and a sibling, "P.J.," to continue biweekly visitation with the child pending further order of the court. There is no statutory authorization for a court to order continued visitation with the parents once their rights are terminated in an abandonment

proceeding pursuant to Social Services Law § 384-b (4) (b) (*see Matter of Gregory B.,* 74 NY2d 77, 91 [1989]; *Matter of Cheyanne M.,* 299 AD2d 162 [2002]). Although postadoption sibling visitation is permissible pursuant to Domestic Relations Law § 71, the court should determine whether such visitation is in the child's best interest (*see e.g. Matter of Justin H.,* 215 AD2d 180 [1995]; *Matter of Hatch v Cortland County Dept. of Social Serv.,* 199 AD2d 765, 766 [1993]).

In the case at bar, the issue of continued visitation was not raised before the close of the dispositional hearing, and the evidence which was adduced at the hearing failed to establish that the subject child and P.J., who were 3½ and 2 years old, respectively, at the time of the hearings, had developed a relationship such that continued visitation would be in the child's best interest. Nevertheless, as the child and P.J. may have developed an affectionate relationship while this appeal has been pending, the issue of their continued visitation should be considered by the court hearing the adoption petition. Florio, J.P., Schmidt, Crane and Cozier, JJ., concur.