█ In the Matter of JESSI W. and Others, Children Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF

SOCIAL SERVICES, Respondent; KELLY Y., Appellant et al., Respondents. [798 NYS2d 193]—

Peters, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered August 16, 2004, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to, inter alia, adjudicate Jessi W. a permanently neglected child, and terminated the parental rights of respondent Kelly Y.

Respondent Kelly Y. (hereinafter respondent) is the father of Jessi W. (born in 1995). In May 2001, Jessi and her three half-siblings were removed from their mother's care and temporarily placed with petitioner. After the filing of a neglect petition against the mother and another, Jessi, as well as the rest of the children, were adjudicated neglected. Petitioner thereafter commenced a permanent neglect proceeding against, among others, Jessi's mother and amended the petition to add respondent. Respondent appeared before Family Court and admitted to the allegations of permanent neglect based upon his untreated substance abuse problem. Following a dispositional hearing, Family Court determined that it would be in Jessi's best interests to have respondent's parental rights terminated. Respondent appeals, solely contending that Family Court erred in not providing him with visitation.[1]

Upon a termination of parental rights in an adversarial proceeding due to a finding of permanent neglect, a biological parent loses not only physical custody but also "the rights ever to visit, communicate with, or regain custody of the child" (*Santosky v Kramer*, 455 US 745, 749 [1982]; *see Matter of Shane J. v Cortland County Dept. of Social Servs.*, 305 AD2d 751, 751 [2003]). With respondent's parental rights so terminated, Family Court lacked the authority to permit the visitation requested by respondent (*see Matter of Rita VV.*, 209 AD2d 866, 868-869 [1994], *lv denied* 85 NY2d 811 [1995]; *see also Matter of Livingston County Dept. of Social Servs. v Tracy T.*, 16 AD3d 1133, 1133 [2005]; *Matter of April S.*, 307 AD2d 204, 204

---

1. Jessi's mother voluntarily surrendered her parental rights with respect to Jessi.

[2003], *lv denied* 1 NY3d 504 [2003]; *cf. Matter of Corinthian Marie S.*, 297 AD2d 382, 382 [2002]).[2]

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** We recognize that visitation may be authorized where parental rights have been voluntarily surrendered pursuant to Social Services Law § 383-c. In addition, when a child is placed in an adoptive home, the "adoptive parents are free, at their election, to permit contacts between the adopted child and the child's biological parent" (*Matter of Gregory B.*, 74 NY2d 77, 91 [1989]). In any event, this record would not support contact as being in Jessi's best interests (*see generally Matter of Frierson v Goldston*, 9 AD3d 612, 614 [2004]). Respondent's testimony established that he continues to frequently use marihuana and was wholly unwilling to reform his behavior or accept any of the services offered by petitioner. Moreover, respondent failed to understand the gravity of Jessi's numerous mental health issues or assess how his behavior had an obvious impact upon her.