In the Matter of Labron P. and Another, Children Alleged to be Permanently Neglected. Tompkins County Department of Social Services, Respondent; Robert P., Appellant. (Proceeding No. 1.) In the Matter of Labron P. and Another, Children Alleged to be Permanently Neglected. Tompkins County Department of Social Services, Respondent; Tawnya T., Appellant. (Proceeding No. 2.) [804 NYS2d 453]—

Crew III, J.P. Appeals from two orders of the Family Court of Tompkins County (Rowley, J.), entered October 13, 2004, which

granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected, and terminated respondents' parental rights.

Respondent in proceeding No. 1 (hereinafter the father) and respondent in proceeding No. 2 (hereinafter the mother) are the biological parents of two children born in 1995 and 1996. The children were removed from their home and placed in foster care in June 2002 and, shortly thereafter, were adjudicated to be neglected children within the meaning of Family Ct Act article 10. Although petitioner initially formulated a plan designed to encourage and strengthen the parental relationship, respondents' lack of meaningful progress prompted petitioner to commence the instant proceedings to terminate respondents' parental rights in December 2003. At that time, the father failed to appear and a default order of adjudication was entered against him. Thereafter, in May 2004, the mother executed an order of adjudication on consent. At the conclusion of the dispositional hearing that followed, at which respondents and various service providers appeared and testified, Family Court adjudicated respondents' children to be permanently neglected children and terminated respondents' parental rights. These appeals ensued.

We affirm. Initially, respondents argue that Family Court erred in failing to grant the mother a suspended judgment, thereby affording her additional time to demonstrate her ability to effectively parent the children at issue.* Respondents' argument on this point, however, ignores the fact that the mother had 26 months following the children's placement in foster care in which to avail herself of the numerous services offered by petitioner. Despite the availability of such services, it was not until April 2004, some three months after the permanent neglect petition had been filed, that the mother finally entered into substance abuse treatment and mental health counseling. Although the mother is to be commended for her willingness to seek treatment, as well as her efforts to obtain her GED and her ability to obtain gainful employment, her belated attempts to comply with petitioner's service plan simply came too late in the process to warrant imposition of a suspended judgment (compare *Matter of Christian Lee R.*, 9 AD3d 275 [2004] [mother had completed every aspect of her service plan by the time of the dispositional hearing]; *Matter of Zachary CC.*, 301 AD2d 714

---

* As the father was incarcerated at the time of the dispositional hearing, he readily acknowledged his inability to seek custody. Rather, his proposal was that the children be returned to their mother.

[2003] [mother close to successfully completing drug and alcohol counseling by the time of the dispositional hearing]). As the record as a whole plainly demonstrates that termination of respondents' parental rights was in the children's best interests, we decline to disturb Family Court's sound decision in this regard.

Nor are we persuaded that Family Court erred in freeing the children for adoption by their foster parents rather than placing them with Shirley Knox, the paternal grandmother of the children's half sister. Although Knox appeared at the dispositional hearing, her testimony fell far short of establishing that she was a more suitable placement for the children than the foster home where they had lived and, by all accounts, thrived for roughly two years.

Finally, as for respondents' request that they be granted postadoption visitation with their children, Family Court correctly surmised that it lacked the authority to include such a provision in the dispositional order (*see Matter of Jessi W.*, 20 AD3d 620, 621 [2005]; *Matter of Livingston County Dept. of Social Servs. v Tracy T.*, 16 AD3d 1133, 1133-1134 [2005]; *Matter of Shane J. v Cortland County Dept. of Social Servs.*, 305 AD2d 751 [2003]). Respondents' remaining contentions, including the father's assertion that he was denied the effective assistance of counsel, have been examined and found to be lacking in merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.