■ In the Matter of KAHLIL S., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MAMIE W.-K., Appellant. (Appeal No. 1.) [830 NYS2d 625]—

Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered May 18, 2005 in a proceeding pursuant to Social Services Law § 384-b. The order adjudged that Kahlil S. is a child whose parent is presently and for the foreseeable

future unable, by reason of mental illness, to provide proper and adequate care for her child, transferred the guardianship and custody rights of respondent to petitioner and authorized petitioner to consent to the adoption of the child.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by remitting the matter to Family Court, Erie County, for a hearing in accordance with the memorandum and as modified the order is affirmed without costs.

Memorandum: Respondent contends in each appeal that Family Court erred in terminating her parental rights with respect to her two children because petitioner failed to establish that she is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the children (*see* Social Services Law § 384-b [4] [c]). We reject that contention. Petitioner presented the requisite clear and convincing evidence establishing that respondent is suffering from mental illness "to such an extent that if [the children] were placed in or returned to the custody of [respondent], [they] would be in danger of becoming . . . neglected child[ren]" (§ 384-b [6] [a]; *see Matter of Stephen B.*, 176 AD2d 1204, 1205 [1991], *lv denied* 79 NY2d 752 [1991], *appeal dismissed* 79 NY2d 914 [1992]). Contrary to respondent's further contention, the court was not required to conduct a separate dispositional hearing (*see generally Matter of Joyce T.*, 65 NY2d 39, 41-42 [1985]).

We recognize, however, that the termination of the parental rights of a biological parent results in an abrupt and complete cessation of contact between a child and the parent, and that "psychological harm . . . may possibly result from severing the bonds between a child and his or her biological parent, particularly where the child is older and has strong emotional attachments to the birth family" (*Matter of Gregory B.*, 74 NY2d 77, 90 [1989]). We conclude that, in the event that parental rights are terminated after a finding that the parent is unable by reason of mental illness or mental retardation to provide proper and adequate care for his or her child or after a finding of permanent neglect (*see* Social Services Law § 384-b [4] [c], [d]), Family Court may, in those cases in which the court deems it appropriate, exercise its discretion in determining whether some form of posttermination contact with the biological parent is in the best interests of the child (*cf. Matter of Labron P.*, 23 AD3d 943, 945 [2005]; *Matter of April S.*, 307 AD2d 204, 204-205 [2003], *lv denied* 1 NY3d 504 [2003]; *see generally* Family Ct Act § 634; *Matter of Jessica Marie Q.*, 303 AD2d 512, 514 [2003], *lv denied* 100 NY2d 507 [2003]). To the extent that our

decisions in *Matter of Kenneth D.* (32 AD3d 1237 [2006]) and *Matter of Livingston County Dept. of Social Servs..v Tracy T.* (16 AD3d 1133 [2005]) hold otherwise, they are no longer to be followed. We therefore modify the orders by remitting these matters to Family Court for a hearing to determine whether post-termination contact between respondent and her children is in the best interests of the children (*cf. Joyce T.*, 65 NY2d at 46 n 2; *Stephen B.*, 176 AD2d at 1205; *see generally Matter of Corinthian Marie S.*, 297 AD2d 382 [2002]). We note that, in determining the best interests of the children, the court may consider, inter alia, the ages of the children, the bond between respondent and the children, and the likelihood that the children will be adopted.

All concur, Kehoe, J., not participating. Present—Scudder, J.P., Kehoe, Gorski, Smith and Pine, JJ.