■ In the Matter of KEVIN W., Appellant, v MONIQUE T. et al., Respondents. [832 NYS2d 82]—

In a proceeding pursuant to Family Court Act article 6, the petitioner appeals from (1) an order of the Family Court, Nassau County (McCormack, J.), dated May 2, 2006, which dismissed, with prejudice, his petition for custody and visitation, and (2) an order of the same court also dated May 2, 2006, which barred him from making future custody and visitation applications, in effect, regarding the subject child without the prior written approval of that court.

Ordered that the orders are affirmed, without costs or disbursements.

Upon the adoption of the subject child, following the determination that the petitioner's consent to the child's adoption was not required (*see* Domestic Relations Law § 111 [1] [d]; *Matter of Michael D.D.S.*, 24 AD3d 680, 681 [2005]), the petitioner's parental rights ceased, and he lacked standing to prosecute a custody and visitation petition regarding the subject child (*see* Domestic Relations Law § 117 [1] [a]; *Matter of Morgaine JJ.*, 31 AD3d 931, 933-934 [2006]; *Matter of Adam S.*, 287 AD2d 723, 724 [2001]; *Matter of Santosky v Roach*, 161 AD2d 908 [1990]). Thus, the Family Court properly dismissed the custody and visitation petition.

Since the petitioner lacked standing to bring custody and visitation petitions regarding the subject child, the Family Court providently exercised its discretion in barring the petitioner from making future custody or visitation applications, in effect, regarding the subject child without its prior written approval (*see Matter of Pignataro v Davis*, 8 AD3d 487, 489 [2004]).

The petitioner's remaining contentions are without merit. Crane, J.P., Florio, Fisher and Dickerson, JJ., concur.