■ In the Matter of MELISSA DD. and Others, Children Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBRA DD. et al., Appellants, et al., Respondent. [846 NYS2d 475]—

Kane, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered February 5, 2007, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected, and terminated respondents' parental rights.

---

**2.** A different Law Guardian represented the children in the proceedings before Family Court.

Respondent Debra DD. is the mother of seven children, including Melissa DD. (born in 1998), Scott EE. (born in 1999), Danielle EE. (born in 2000) and Shannen EE. (born in 2002). Respondent Scott GG. is the father of Scott, Danielle and Shannen. In September 2003, after investigating a suspicious bruise on Melissa, petitioner removed all four children living in the home with Debra DD. and Scott GG. (hereinafter collectively referred to as respondents), and placed them in foster care. Family Court (Ray, J.) adjudicated the four children to be neglected by respondents and continued their placement in foster care. In May 2005, petitioner commenced this permanent neglect proceeding against respondents and Melissa's father. Following a lengthy hearing, Family Court (Connerton, J.) determined that all three parents permanently neglected their respective children involved in this proceeding. The court then rendered a disposition terminating respondents' parental rights to these children. Respondents appeal.

Family Court properly determined that respondents permanently neglected their children. To obtain a termination of parental rights based upon permanent neglect, petitioner is required to prove by clear and convincing evidence that the parent failed to maintain contact with or plan for the future of his or her child for one year after the child came into petitioner's custody notwithstanding petitioner's diligent efforts to strengthen the parent-child relationship (*see* Social Services Law § 384-b [3] [g]; [4] [d]; [7]; *Matter of Gregory B.*, 74 NY2d 77, 86 [1989]; *Matter of Keith JJ.*, 295 AD2d 644, 647 [2002]). The threshold issue is whether petitioner made diligent efforts to encourage and nurture the parent-child relationship (*see Matter of Gregory B.*, 74 NY2d at 86). The court's dispositional order on the neglect matter required respondents to attend parenting classes, cooperate with petitioner and a parent aide, attend visits with the children, handle the children's medical needs and attend all medical and educational appointments for the children. It also required Debra DD. to attend codependency classes and comply with all follow-up recommendations, and for Scott GG. to attend parenting classes and anger management and domestic violence counseling.

Petitioner provided respondents with a parenting aide, arranged visits with the children every other week, supplied a bus pass to alleviate respondents' transportation concerns and set up a telephone schedule for respondents to call the foster parents twice weekly to find out about the children's appointments and speak to the children. Petitioner offered Debra DD. referrals to parenting classes and codependency classes, and of-

fered Scott GG. referrals for parenting classes and anger management and domestic violence counseling. Both respondents attended most visits with the children, cleaned up their residence and completed parenting classes but, as of the filing of the instant petition, they only attended approximately half of the children's medical appointments, missed several special education meetings and called the foster parents about twice per month at the regularly scheduled times, rather than twice per week. Debra GG. dropped out of codependency classes the first time and was attending them for the second time. Scott GG. was in an anger management program but had not completed it, and he had not attended domestic violence counseling. Under the circumstances, Family Court correctly determined that petitioner exercised diligent efforts toward reuniting the family but, despite those efforts, respondents failed to adequately plan for their children's futures by resolving the problems which led to their removal (*see Matter of Destiny CC.*, 40 AD3d 1167, 1168-1169 [2007]; *Matter of Willard L.*, 23 AD3d 964, 965 [2005], *lv denied* 6 NY3d 708 [2006]; *Matter of Keith JJ.*, 295 AD2d at 648).

Family Court properly terminated respondents' parental rights. At the time of the dispositional hearing, although Debra DD. had completed her codependency classes, she did not follow through with the recommended mental health treatment, even though she suggested it may be necessary and wondered whether she may have an undiagnosed bipolar condition requiring medication. Scott GG. completed anger management treatment, but still had not attended or arranged for domestic violence counseling, apparently feeling that it was not necessary. Yet respondents separated twice in the six months prior to the dispositional hearing, with police becoming involved due to domestic disturbances on two occasions. Each respondent lived in four different places in the year prior to disposition. Based upon the extended period of time that respondents had to address their parenting and relationship difficulties, especially considering that most of petitioner's recommendations had been court-ordered for respondents since a prior neglect adjudication in 2001, a suspended judgment would have been inappropriate. Providing respondents a grace period as a final chance to reunite with their children would merely have delayed the chances at permanency for these special needs children and would not have served their best interests (*see Matter of Nahia M.*, 39 AD3d 918, 921 [2007]; *Matter of Douglas H.*, 1 AD3d 824, 826 [2003], *lv denied* 2 NY3d 701 [2004]).

Because Debra DD.'s parental rights were terminated in an

adversarial proceeding, not as a result of a voluntary surrender, Family Court had no authority to permit posttermination visitation between her and the children (*see Matter of Jessi W.*, 20 AD3d 620, 621 [2005]; *Matter of Shane J. v Cortland County Dept. of Social Servs.*, 305 AD2d 751, 751 [2003]; *compare* Social Services Law § 383-c [2], [5] [b] [ii]).

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.