■ In the Matter of GENESIS S. and Another, Infants. IRENE ELIZABETH S., Appellant; JEWISH CHILD CARE ASSOCIATION, Respondent. [895 NYS2d 85]—

Orders of disposition, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about December 4, 2008, which, after a fact-finding hearing, terminated respondent mother's parental rights to the subject children and committed their custody and guardianship to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The finding that respondent's mental illness left her unable to properly and adequately care for the children presently and for the foreseeable future was supported by clear and convincing evidence (Social Services Law § 384-b [4] [c]; *see Matter of Ayodele Ademoli J.*, 45 AD3d 686 [2007]). Medical records and unrebutted testimony by an expert psychiatrist provided detailed evidence to support the conclusion that respondent had a long mental health history, including diagnoses of schizoaffective disorder, rendering her unable to act in accordance with the children's needs (*see Matter of Shawndalaya II.*, 46 AD3d 1172 [2007], *lv denied* 10 NY3d 703 [2008]; *Matter of Nadaniel Jackie P.*, 35 AD3d 305 [2006]).

Respondent's claim, raised for the first time on appeal, that no proof was adduced that her "mental retardation" originated during her developmental period, as defined in Social Services Law § 384-b (6) (b), is unpreserved (*see Matter of Star Leslie W.*, 63 NY2d 136, 145 [1984]). In any event, we note that the agency proceeded only on a "mental illness" cause of action (§ 384-b [6] [a]). Concur—Tom, J.P., Moskowitz, Renwick, DeGrasse and Manzanet-Daniels, JJ.