■ In the Matter of SELENA C., Also Known as SELENA MARIKA C. FORESTDALE, INC., et al., Respondents; THELMA C., Also Known as THELMA M., Appellant. [909 NYS2d 84]—

In a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights by reason of her mental illness, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Kings County (Danoff, J.), dated March 27, 2009, as, upon terminating her parental rights, in effect, denied her application for visitation with the subject child.

Ordered that the order of fact-finding and deposition is reversed insofar as appealed from, on the law, without costs or disbursements, and the issue of whether it is in the subject child's best interests for the Family Court to direct visitation between the mother and the subject child after the termination of the mother's parental rights shall be determined after a hearing, which hearing and determination shall be made by the court in which an adoption petition is pending or, if no such petition is pending, the hearing and determination shall be made by the Family Court.

After terminating the mother's parental rights, the Family Court should have provided for the determination, after a hearing, of the issue of whether it is in the subject child's best interests for the Family Court to direct visitation between the mother and the subject child, as requested by the mother. Although "[t]here is no statutory authorization for a court to order continued visitation with the parents once their rights are terminated" (*Matter of Lovell Raeshawn McC.*, 308 AD2d 589, 590 [2003]), courts have the inherent authority to provide for visitation between an adopted child and a member of his or her birth family where such visitation is in the best interests of the child and does not unduly interfere with the adoptive relationship (*see Matter of Kahlil S.*, 35 AD3d 1164 [2006]; *Matter of Corinthian Marie S.*, 297 AD2d 382 [2002]). Santucci, J.P., Balkin, Belen and Chambers, JJ., concur.