■ In the Matter of KASJA YY., a Child Alleged to be Permanently Neglected and/or the Child of a Mentally Ill Parent. SCHUYLER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KARIN B., Appellant. [908 NYS2d 777]—

Rose, J. Appeal from an order of the Family Court of Schuyler County (Argetsinger, J.), entered September 29, 2009, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be the child of a mentally ill parent, and terminated respondent's parental rights.

Respondent is the mother of Kasja YY. (born in 2007). In 2009, we affirmed Family Court's removal of the child from respondent's care based upon neglect (*Matter of Kasja YY.*, 64 AD3d 907 [2009], *lv denied* 13 NY3d 709 [2009]). More recently, we affirmed an order continuing placement of the child with her maternal aunt in Tennessee (*Matter of Kasja YY. [Karin B.]*, 69 AD3d 1258 [2010], *lv denied* 14 NY3d 711 [2010]). Family Court has since entered an order that terminated respondent's parental rights on the ground of mental illness.

Respondent has been diagnosed with, among other things, borderline personality disorder, factitious disorder, depressive disorder, posttraumatic stress disorder and borderline intellectual functioning. She does not contest the finding of mental illness or that she is presently unable to properly and adequately care for her child. Instead, she argues on this appeal that petitioner failed to establish that she will be unable by reason of mental illness to provide proper and adequate care for her child in the foreseeable future. We cannot agree and, based upon our review of the record, we affirm.

Family Court fully credited the testimony of David Coron, a court-appointed psychologist and board-certified forensic examiner who conducted a thorough psychological evaluation of respondent, including an extensive clinical examination in 2007, an updated examination in 2009 and an exhaustive review of respondent's records. Coron concluded that, among other things, it was unlikely that respondent would be able to adequately care for her child in the foreseeable future because of her erratic behavior as well as her inability to differentiate herself from others or distinguish reality from fantasy. He testified that respondent's borderline personality disorder is an enduring, lifelong condition and there is nothing in respondent's history to suggest that she will accept and follow through with the treatment required to gain sufficient control of her condition.

Indeed, other evidence submitted by petitioner supports the conclusion that respondent has been uncooperative with therapists and unwilling to accept or address her condition. While the testimony of respondent's most recent therapist was more optimistic, their relationship had recently commenced and had not yet progressed beyond the rapport-building phase. Further, respondent's professed agreement on the eve of the hearing to commence the intensive therapy that had been recommended for at least two years was not credited by Family Court. Nor is it sufficient to rebut the overwhelming evidence of her longstanding failure to pursue recommended treatment in order to deal with her significant mental health issues (*see Matter of August ZZ.*, 42 AD3d 745, 748 [2007]; *Matter of Harris AA.*, 285 AD2d 755, 757 [2001]). According due deference to Family Court's credibility and fact-finding determinations, we find no basis to disturb its conclusion that respondent's mental illness impairs her ability to care for the child, both presently and for the foreseeable future (*see Matter of Karen GG. [Marline HH.]*, 72 AD3d 1156, 1159 [2010], *lv denied* 14 NY3d 713 [2010]; *Matter of Arielle Y.*, 61 AD3d 1061, 1062-1063 [2009]; *Matter of Evelyn B.*, 37 AD3d 991, 992 [2007]).

Nor did Family Court err in failing to consider an award of posttermination visitation (*see Matter of Melissa LL.*, 30 AD3d 705, 707 [2006], *lv denied* 7 NY3d 710 [2006]; *Matter of Labron P.*, 23 AD3d 943, 945 [2005]; *Matter of William W.*, 23 AD3d 735, 736 [2005]; *Matter of Jessi W.*, 20 AD3d 620, 621 [2005]). We have considered respondent's remaining contentions and find them to be unavailing.

Mercure, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.