■ In the Matter of XIONIA VV., a Child Alleged to be Permanently Neglected. CHEMUNG COUNTY DEPARTMENT OF SO-CIAL SERVICES, Respondent; AMOS VV., Appellant. [911 NYS2d 511]—

Garry, J. Appeal from an order of the Family Court of Chemung County (Brockway, J.), entered February 1, 2010, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be permanently neglected, and terminated respondent's parental rights.

Respondent, the incarcerated father of a daughter born in 1996 (hereinafter the child), was imprisoned when the child was six months old and has remained in prison for most of her life, except for brief periods of release in 2001 and 2008. The child was removed from her mother's care in 2001 and placed first in a foster home and then with a relative. In 2002, the child returned to the foster home, where she has remained and flourished. The mother consented to a finding of neglect in 2002 and surrendered her parental rights in 2007. Several of the child's half siblings, with whom the child has a close relationship, also reside with the foster parents. At the time of these proceedings, the foster parents hoped to adopt the child.*

Petitioner commenced this proceeding in February 2009. Family Court conducted a fact-finding hearing, determined that respondent had failed to plan for the child's future (*see* Social Services Law § 384-b [7] [a]), and adjudicated the child to be

* The adoption became final while this appeal was pending.

permanently neglected. After a dispositional hearing, the court awarded guardianship and custody of the child to petitioner and freed her for adoption. Respondent now appeals, and we affirm.

Respondent's sole contention on appeal, relying upon authority from the Appellate Division, Fourth Department, is that Family Court should have awarded him posttermination visitation with the child. He argues that psychological harm to the child may result from abruptly cutting off all contact between them (see Matter of Kahlil S., 35 AD3d 1164, 1165 [2006], lv dismissed 8 NY3d 977 [2007]). However, the record reveals that the relationship between respondent and the child is, at best, attenuated. Respondent has seen the child only once or twice since she was six months old. He petitioned for visitation for the first time in 2006 and obtained an order permitting mail and telephone contact. Since then, he has written letters to the child from prison, spoken to her once by telephone, and sent her a package of gifts in 2008. He did not petition for in-person visitation during his most recent period of freedom, and made no formal request for posttermination visitation during the neglect proceedings. Even had such a request been made, Family Court had no authority to grant it in this adversarial proceeding (see Matter of Raine QQ., 51 AD3d 1106, 1107 [2008], lv denied 10 NY3d 717 [2008]; Matter of Melissa DD., 45 AD3d 1219, 1221-1222 [2007], lv denied 10 NY3d 701 [2008]; Matter of James X., 37 AD3d 1003, 1007 [2007]).

Notably, respondent is not necessarily prohibited by this order from maintaining contact with the child. The foster mother, who is now the child's adoptive mother, testified that she would encourage the child's continued contact with respondent. The adoptive parents may permit such contact in the future as they find benefits the child (see Matter of William W., 23 AD3d 735, 736 [2005]).

Cardona, P.J., Mercure, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, without costs.