# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1116**
**CAF 10-01972**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND LINDLEY, JJ.

IN THE MATTER OF ROYFIK B.
-------------------------------------------
WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

SAMARIAN B., RESPONDENT-APPELLANT.

TYSON BLUE, MACEDON, FOR RESPONDENT-APPELLANT.

GARY LEE BENNETT, LYONS, FOR PETITIONER-RESPONDENT.

TRACEY L. FOX, ATTORNEY FOR THE CHILD, SODUS, FOR ROYFIK B.

---------------------------------------------------------------------------------

Appeal from an order of the Family Court, Wayne County (John B. Nesbitt, J.), entered August 20, 2010 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order terminating her parental rights with respect to her son based on mental illness. Contrary to the mother's contention, we conclude that petitioner met its burden of establishing by clear and convincing evidence that she is "presently and for the foreseeable future unable, by reason of mental illness . . ., to provide proper and adequate care for [the] child" (Social Services Law § 384-b [4] [c]; *see Matter of Sean S.*, 79 AD3d 1760, *lv denied* 16 NY3d 709). Indeed, the testimony and reports of petitioner's experts, as well as the testimony of a caseworker who supervised the mother's visitation with the child, established that the mother is presently suffering from a mental illness that "is manifested by a disorder or disturbance in behavior, thinking or judgment to such an extent that if such child were placed in . . . the custody of [the mother], the child would be in danger of becoming a neglected child" (§ 384-b [6] [a]; *see Matter of Kahlil S.*, 35 AD3d 1164, 1165, *lv dismissed* 8 NY3d 977). Although a social worker who provided day treatment for the mother testified that the mother had made progress in treatment, she expressed no opinion with respect to the mother's ability to parent.

Finally, the mother's contention that petitioner failed to establish that termination of her parental rights was warranted on the

ground of mental retardation is not properly before us inasmuch as the order on appeal was based only on mental illness, not mental retardation (*see generally Matter of Genesis S.*, 70 AD3d 570).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court