■ In the Matter of ANDREA C.B.B. COMMUNITY COUNSELING & MEDIATION, Respondent. TYSHAWN B., SR., Respondent, and ESTELLE B., Appellant. (Proceeding No. 1.) In the Matter of TYSHAWN C.B., JR. COMMUNITY COUNSELING & MEDIATION, Respondent; TYSHAWN B., SR., Respondent, and ESTELLE B., Appellant. (Proceeding No. 2.) [944 NYS2d 907]—

In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of the Family Court, Kings County (Turbow, J.), dated July 6, 2011, which (1) denied that branch of her motion which was to vacate an order of disposition of the same court (McElrath, J.), dated January 19, 2011, which, after a dispositional hearing, and upon her default in appearing at that hearing, inter alia, terminated her parental rights and transferred guardianship and custody of the subject children to the petitioner, Community Counseling & Mediation, for the purpose of adoption, and (2), in effect, denied that branch of her motion which was for post-termination visitation with the subject children.

Ordered that the order dated July 6, 2011, is affirmed, without costs or disbursements.

After the mother defaulted at a dispositional hearing and her parental rights were terminated in 2010, the mother moved to vacate her default. The petitioner consented to that relief, and the order entered upon the mother's default was vacated. When the matter subsequently appeared on the Family Court's calendar for a new dispositional hearing in January 2011, the mother again defaulted, and the Family Court again terminated her parental rights after conducting a hearing. The mother again moved, inter alia, to vacate the order entered upon her default. This time, however, the Family Court denied her motion.

In order to vacate the order entered upon her default, the mother was required to establish that she had a reasonable excuse for the default and a potentially meritorious defense to the termination petition (*see* CPLR 5015 [a]; *Matter of Dominique Beyonce R. [Maria Isabel R.]*, 82 AD3d 984, 985 [2011]; *Matter of Princess M.*, 58 AD3d 854 [2009]). She established neither. Consequently, the Family Court did not improvidently exercise its discretion in denying her motion to vacate her default (*see Matter of Daniel Marcus Y. [Marilyn Y.]*, 77 AD3d 843, 843-844 [2010]; *Matter of Samantha B. [Arthur Eugene S.]*, 72 AD3d 682, 683 [2010]).

Under the circumstances of this case, the Family Court did not improvidently exercise its discretion, in effect, denying that branch of the mother's motion which was for contact with the subject children after the termination of her parental rights (*cf. Matter of Selena C. [Thelma C.]*, 77 AD3d 659 [2010]; *Matter of Kahlil S.*, 35 AD3d 1164 [2006]). Rivera, J.P., Balkin, Belen and Chambers, JJ., concur.