In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from an order of the Family Court, Kings County (Turbow, J.), dated April 26, 2011, which (1) denied his motion to vacate an order of disposition of the same court (McElrath, J.), dated January 19, 2011, which, after a dispositional hearing, and upon his default in appearing at that hearing, inter alia, terminated his parental rights and transferred guardianship and custody of the subject children to the petitioner, Community Counseling & Mediation, for the purpose of adoption, and (2) denied his application for post-termination visitation with the subject children.
Ordered that the order dated April 26, 2011, is affirmed, without costs or disbursements.
After the father defaulted at a dispositional hearing and his parental rights were terminated in 2010, the father moved to vacate the order entered upon his default. The petitioner consented to that relief, and the father’s default was vacated. When the matter subsequently appeared on the Family Court’s calendar for a new dispositional hearing in January 2011, the father again defaulted, and the Family Court again terminated *1309 his parental rights after conducting a hearing. The father again moved to have his default vacated. This time, however, the Family Court denied his motion.
In order to vacate his default, the father was required to establish that he had a reasonable excuse for the default and a potentially meritorious defense to the termination petition (see CPLR 5015 [a]; Matter of Dominique Beyonce R. [Maria Isabel R.], 82 AD3d 984, 985 [2011]; Matter of Princess M., 58 AD3d 854 [2009]). He established neither. Consequently, the Family Court did not improvidently exercise its discretion in denying his motion to vacate the order entered upon his default (see Matter of Daniel Marcus Y. [Marilyn Y.], 77 AD3d 843, 843-844 [2010]; Matter of Samantha B. [Arthur Eugene S.], 72 AD3d 682, 683 [2010]).
Under the circumstances of this case, the Family Court did not improvidently exercise its discretion in denying the father’s application for contact with the subject children after the termination of his parental rights (cf. Matter of Selena C. [Thelma C. ], 77 AD3d 659 [2010]; Matter of April S., 307 AD2d 204 [2003]; Matter of Corinthian Marie S., 297 AD2d 382 [2002]). Rivera, J.P., Balkin, Belen and Chambers, JJ., concur.