In the Matter of CHRISTINA L.N. MERCYFIRST, Respondent; LOUICA J., Appellant, et al., Respondent. [979 NYS2d 350]—

Contrary to the mother's contention, the Family Court properly found that there was clear and convincing evidence that she is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child (*see* Social Services Law § 384-b [4] [c]). The court-appointed psychologist, who interviewed the mother and reviewed her medical records, testified that the mother had

a major depressive disorder, which was recurrent, chronic, and had psychotic features, and that her condition would likely persist into the foreseeable future. The psychologist opined that if the subject child were returned to the mother, she would be at risk of being neglected due to the nature of the mother's illness (*see Matter of B. Mc. [Dawn Mc.]*, 99 AD3d 713, 714 [2012]; *Matter of Hope K.W. [Aminta I.]*, 96 AD3d 864, 865 [2012]; *Matter of Dominique Larissa Blue M. [Yasmin M.]*, 84 AD3d 962, 963 [2011]).

However, the Family Court improvidently exercised its discretion when it denied the mother's motion for a separate dispositional hearing. Although, in the context of a proceeding pursuant to Social Services Law § 384-b to terminate parental rights based on mental illness, a separate dispositional hearing is not necessarily required in every case (*see e.g. Matter of Joseph Lawrence S.*, 56 AD3d 785, 786 [2008]), the circumstances of a particular case may warrant a dispositional hearing such that a court's determination to forgo such a hearing constitutes an improvident exercise of discretion (*see Matter of Joyce T.*, 65 NY2d 39, 46 [1985]). Here, the evidence adduced at the fact-finding hearing indicated that the mother consistently continued her treatment, successfully completed parenting classes, and regularly visited the subject child. Furthermore, the record indicated that the subject child, who is now 13 years old, has long opposed adoption and has expressed a desire to maintain a close relationship with her mother. Under these circumstances, the court should have granted the mother's motion for a dispositional hearing so that the parties could introduce evidence as to which of the dispositional alternatives would be in the best interests of the child (*compare Matter of Hope K.W. [Aminta I.]*, 96 AD3d at 865; *Matter of Selena C. [Thelma C.]*, 77 AD3d 659, 659 [2010]; *Matter of Ernesto Thomas A.*, 5 AD3d 380, 381 [2004]). Dickerson, J.P., Chambers, Roman and Miller, JJ., concur.