Matter of Madison Mia B. (Katherine Janet B.) (2018 NY Slip Op 04639)





Matter of Madison Mia B. (Katherine Janet B.)


2018 NY Slip Op 04639


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Manzanet-Daniels, J.P., Gische, Andrias, Kapnick, Kern, JJ.


6923

[*1]In re Madison Mia B., also known as Madison B., A Dependent Child under Eighteen Years of Age, etc., Katherine Janet B., also known as Katherine B. Respondent-Appellant, SCO Family Services, Petitioner-Respondent.


Douglas H. Reiniger, New York, for appellant.
Carrieri & Carrieri, P.C., Mineola (Ralph R. Carrieri of counsel), for respondent.
Diaz & Moskowitz, PLLC, New York (Hani M. Moskowitz of counsel), attorney for the child.



Appeal from order of fact-finding and disposition, Family Court, New York County (Stewart Weinstein, J.), entered on or about March 3, 2017, which, upon respondent mother's default, determined that she suffers from mental illness, terminated her parental rights to the subject child and transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously dismissed, without costs, as taken from a nonappealable paper.
The order was entered upon the mother's default, and therefore is not appealable (see CPLR 5511; see Matter of Felicia Malon Rogue J. [Lena J.], 146 AD3d 725 [1st Dept 2017]; Matter of Natalie Maria D. [Miguel D.], 73 AD3d 536 [1st Dept 2010]).
In any event, clear and convincing evidence, including the psychologist's uncontroverted expert testimony that the mother suffers from severe bipolar disorder, supported the determination that she is presently and for the foreseeable future unable to provide proper and adequate care for the child (Social Services Law § 384-b[4][c], [6][a]; Matter of Genesis S. [Irene Elizabeth S.], 70 AD3d 570 [1st Dept 2010]). Because the mother refused to appear for several scheduled mental health evaluations, petitioner relied upon the mother's detailed mental health records, which revealed that she had exhibited increasingly violent and self-injurious behaviors since the age of seven, resulting in numerous psychiatric hospitalizations throughout her young life. Although the mother had shown some progress in her treatment and had positive interactions with the child during
supervised visitation, the expert stated, without contradiction, that she had never experienced a sustained period of improvement.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK