Matter of Mehmeti v Dautaj (2021 NY Slip Op 05569)





Matter of Mehmeti v Dautaj


2021 NY Slip Op 05569


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2020-07566
 (Docket Nos. V-3447-19, V-3448-19)

[*1]In the Matter of Yasmeya Mehmeti, appellant,
v
Shaha Dautaj, et al., respondents.


Kyle Sosebee, Brooklyn, NY, for appellant.
Michele Evans Arrindell, New York, NY, for respondents.
Rosa P. Tragni, Staten Island, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Richmond County (Alexandra Byun, Ct. Atty. Ref.), dated September 17, 2020. The order, without a hearing, dismissed the petition for lack of standing.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner is the biological mother of the subject children. In or around 2008, following the petitioner's incarceration in October 2007, the petitioner voluntarily surrendered her parental rights and the children were adopted by the respondents, the children's paternal uncle and paternal grandmother. The petitioner was released from prison in May 2019. Approximately two months after her release, by petition dated July 30, 2019, the petitioner commenced this proceeding for custody of the children. In an order dated September 17, 2020, the Family Court dismissed the petition for lack of standing. The petitioner appeals.
A biological parent whose parental rights have been terminated is not entitled to thereafter seek custody of the child, including where parental rights have been terminated voluntarily (see Matter of Mee Yung Park v Lucente, 148 AD3d 1154; Matter of Adam S., 287 AD2d 723; Matter of Santosky v Roach, 161 AD2d 908; see also Santosky v Kramer, 455 US 745, 749; Matter of Kevin W. v Monique T., 38 AD3d 672, 673). Here, the petitioner's parental rights to the children were terminated voluntarily in or around 2008 and the children were adopted by the respondents. Thus, at the time the petitioner commenced this proceeding, she was not a person entitled to seek custody of the children (see Matter of Mee Yung Park v Lucente, 148 AD3d 1154; Matter of Adam S., 287 AD2d 723; Matter of Kevin W. v Monique T., 38 AD3d 672). Accordingly, the Family Court properly dismissed the petition for lack of standing.
DILLON, J.P., CHRISTOPHER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court