Matter of Davis v ACS-Kings (2025 NY Slip Op 06860)

Matter of Davis v ACS-Kings

2025 NY Slip Op 06860

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-11063
 (Docket Nos. V-7566-23, V-7567-23, V-7568-23)

[*1]In the Matter of Tyreek Davis, appellant,
vACS-Kings, respondent.

Catherine S. Bridge, Staten Island, NY, for appellant.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Kings County (Ione K. Curva, Ct. Atty. Ref.), dated August 26, 2024. The order, without a hearing, dismissed the petitions for custody of the subject children.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner is the biological father of three children. In April 2023, he commenced related proceedings for custody of the children. By order dated August 26, 2024, the Family Court, without a hearing, dismissed the petitions. The petitioner appeals.
CPLR 306-b permits a court to dismiss a proceeding without prejudice or extend the time for service upon good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105). "'Good cause' and 'interest of justice' are two separate and independent statutory standards" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 31; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 104). "To establish good cause, a [petitioner] must demonstrate reasonable diligence in attempting service" (Bumpus v New York City Tr. Auth., 66 AD3d at 31; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 104). "The more flexible interest of justice standard accommodates late service that might be due to mistake, confusion, or oversight, so long as there is no prejudice to the [respondent]" (OneWest Bank N.A. v All the Heirs at Law [Moran], 240 AD3d 803, 805 [internal quotation marks omitted]; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105). In deciding whether to extend time in the interest of justice, the court may consider diligence, or lack thereof, along with other factors including "the expiration of the statute of limitations, the meritorious nature of the [proceeding], the length of delay in service, the promptness of a request by the [petitioner] for an extension, and prejudice to the [respondent]" (Bumpus v New York City Tr. Auth., 66 AD3d at 32; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105; A.K. v T.K., 150 AD3d 1091, 1093). "The determination of whether to grant the extension in the interest of justice is within the discretion of the motion court" (OneWest Bank N.A. v All the Heirs at Law [Moran], 240 AD3d at 805; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 101).
Here, the Family Court providently exercised its discretion in declining to grant an extension of time to serve the petitions in the interest of justice. The petitioner's parental rights were terminated in 2013, and the children were adopted. Thus, the petitioner lacked standing, even as a biological parent, to seek custody of the children (see Matter of Davis v ACS-Kings, 236 AD3d 904, [*2]904; Matter of Mehmeti v Dautaj, 198 AD3d 781, 782). As such, the petitioner failed to demonstrate that an extension of time was warranted in the interest of justice, since the petitioner failed to establish the existence of potentially meritorious proceedings (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105; Brown v Sanders, 142 AD3d 940, 941).
Accordingly, the Family Court properly dismissed the petitions.
CHAMBERS, J.P., WOOTEN, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court