■ In the Matter of MICHELE AMANDA N., an Infant. ELIZABETH N., Appellant; CARDINAL MCCLOSKEY SERVICES, Respondent. [941 NYS2d 558]—

Order, Family Court, Bronx County (Sidney Gribetz, J.),

entered on or about December 23, 2010, which, upon a fact-finding determination that respondent-appellant suffers from a mental illness, terminated her parental rights to the subject child and transferred the custody and guardianship of the child to the Commissioner of Social Services and petitioner-respondent Cardinal McCloskey Services for the purpose of adoption, unanimously affirmed, without costs.

Petitioner agency presented clear and convincing evidence demonstrating that respondent is presently and for the foreseeable future unable to provide proper and adequate care for her child by reason of mental illness (*see* Social Services Law § 384-b [4] [c]; [6] [a]). The agency's submissions included unrebutted expert testimony that respondent suffers from a long-standing paranoid schizophrenic condition that has prevented her from acting in accordance with the child's needs, as well as the testifying psychologist's detailed report, which was prepared after a 90-minute interview with the respondent, a 50-minute period of psychological and psychoeducational testing, a review of respondent's prior mental health treatment records, including those from her adolescent years, and petitioner's agency records (*see Matter of Isaiah J. [Janice J.]*, 82 AD3d 651 [2011]; *Matter of Roberto A. [Altagracia A.]*, 73 AD3d 501 [2010], *lv denied* 15 NY3d 703 [2010]). The court properly denied respondent's request for post-termination visitation with the child, in view of the fact that the child is currently living with her pre-adoptive parents. Nor is there any evidence such visits would have been in the child's best interests (*see Matter of April S.*, 307 AD2d 204 [2003], *lv denied* 1 NY3d 504 [2003]).

We have reviewed the respondent's remaining contentions, including her challenges to the reliability of the testifying psychologist's conclusions, and find them to be unpreserved or unavailing. Concur—Tom, J.P., DeGrasse, Freedman, Richter and Román, JJ.