■ In the Matter of STARLAYJHA S., an Infant. KUMICA F., Appellant; NEW YORK FOUNDLING HOSPITAL, Respondent. [17 NYS3d 874]—

Order, Family Court, Bronx County (Valerie Pels, J.), entered on or about June 17, 2014, which, upon a fact-finding determination that the mother is unable, by reason of mental retardation, to provide proper and adequate care for the subject child, terminated her parental rights to the subject child, and transferred the custody and guardianship of the child to the care of New York Foundling Hospital (the Agency), unanimously affirmed, without costs.

The Agency proved the mother's mental retardation by clear and convincing evidence through expert testimony, that was consistent with and supported by the expert's detailed report, which was the result of interviews and analyses that constitute the type of material relied upon in mental health evaluations (*see e.g. Matter of Abigail Bridget W. [Janice Antoinette W.]*, 112 AD3d 468 [1st Dept 2013]); *Matter of Michele Amanda N. [Elizabeth N.]*, 93 AD3d 610 [1st Dept 2012]; *Matter of Julius H. [Beatrice P.]*, 120 AD3d 1347 [2d Dept 2014]). The mother had an opportunity to cross-examine the Agency's expert on this point, or present other expert testimony, and failed to do so (*see Matter of Logan Q. [Michael R.]*, 119 AD3d 1010 [3d Dept 2014]).

Moreover, the court properly drew an adverse inference after the mother declined to testify, and it was appropriate for the court to conclude that, if the mother had testified, her testimony would have corroborated the Agency's expert's conclusions (*Matter of Thalia L.*, 303 AD2d 162 [1st Dept 2003]).

Finally, it is well-established that a dispositional hearing is not required after a finding of mental illness (*Matter of Joyce T.*, 65 NY2d 39, 49 [1985]; *Matter of Kasey D. [Richard D.]*, 100 AD3d 417, 418 [1st Dept 2012]). Concur—Sweeny, J.P., Renwick, Saxe and Gische, JJ.