■ In the Matter of DJANGO K., a Child Alleged to be Abused, Appellant. CARL K., Respondent, et al., Petitioner. [52 NYS3d 14]—

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about March 7, 2016, which, after a hearing, dismissed the petition brought by petitioner the Administration for Children's Services (ACS) on behalf of the subject child against respondent father on the ground that petitioner failed to prove by a preponderance of the evidence that respondent sexually abused the child, unanimously affirmed, without costs.

The record provides no basis to overturn the court's credibility finding as to the mother's testimony. Because the child was not called in the proceeding, there are no admissions by the father, and there was no physical evidence of sexual abuse; the only proof offered were hearsay statements. The out-of-court statements of the child were not sufficiently corroborated to establish abuse by a preponderance of the evidence (Matter of Nicole V., 71 NY2d 112, 117-118 [1987]). On this record, the court properly exercised its discretion in refusing to qualify a

witness as an expert child sexual abuse validator (*id.* at 118-120).

In any event, even if the witness had been qualified as an expert, there still was not sufficient proof in the record. The out-of-court video statements made by the child have several inconsistencies, and the child stated he could not remember certain details upon further questioning by the Manhattan Child Advocacy Center interviewer. The mother's account, which the court doubted, also had many inconsistencies. Moreover, the child's parents are involved in a custody dispute, and these allegations cannot be separated from the dispute between the parties. Although we recognize the allegations are very serious, and we are concerned about this young child's familiarity with certain adult sexual terms, on the limited record here, we find no basis to reverse the court's findings. Concur—Acosta, J.P., Richter, Manzanet-Daniels, Gische and Webber, JJ.