■ In the Matter of ARIELLA D. and Another, Infants. SHARON D., Appellant; CHILDREN'S AID SOCIETY, Respondent. [56 NYS3d 69]—

Orders, Family Court, New York County (Susan Knipps, J.), entered on or about December 1, 2015, which, upon a fact-finding determination that respondent mother suffers from a mental illness as defined by Social Services Law § 384-b (6), terminated the mother's parental rights and transferred

custody of the subject children to petitioner agency and the Commissioner of the Administration for Children's Services for purposes of adoption, unanimously affirmed, without costs.

The agency met its burden of establishing by "clear and convincing proof" that the mother is "presently and for the foreseeable future unable, by reason of mental illness . . . , to provide proper and adequate care" for the subject children (Social Services Law § 384-b [3] [g] [i]; [4] [c]; *accord Matter of Hime Y.*, 52 NY2d 242, 247 [1981]). The evidence included a report and testimony from a court-appointed psychiatrist who, after examining the mother and reviewing medical and other records, opined that the mother suffers from bipolar disorder and alcohol use disorder and that, as a result, if the children were returned to her care, they now and in the foreseeable future, would be at risk of becoming neglected (*see* Social Services Law § 384-b [6] [e]; *see also Matter of Savannah Love Joy F. [Andrea D.]*, 110 AD3d 529, 529 [1st Dept 2013], *lv denied* 22 NY3d 858 [2014]). Under the circumstances here, where the expert's opinion was based on the mother's long history of mental illness, her non-compliance with substance abuse and psychiatric treatment, and the pervasive nature of her deficits, it was not necessary for the psychiatrist to observe interactions between the mother and children before reaching his conclusion (*see Matter of Brianna Monique F. [Monique F.]*, 129 AD3d 638, 639 [1st Dept 2015]). In addition, there was other evidence before the Family Court which supports the psychiatrist's opinion, including agency and medical records, a prior court-ordered psychological evaluation, and the testimony of two agency caseworkers and the mother's therapist (*see* Social Services Law § 384-b [6] [e]; *Hime Y.*, 52 NY2d at 248; *Matter of Roberto A. [Altagracia A.]*, 73 AD3d 501, 501 [1st Dept 2010], *lv denied* 15 NY3d 703 [2010]). The mother failed to call any witnesses or offer any rebuttal evidence, and the court properly drew a negative inference from her failure to testify (*see Matter of Starlayjha S. [Kumica F.]*, 132 AD3d 571, 571 [1st Dept 2015]). Given the finding that the mother suffers from mental illness, which causes her "to be unable, at present and for the foreseeable future, to provide proper and adequate care for the children," a dispositional hearing was not required (*Matter of Laura F.*, 18 AD3d 362 [1st Dept 2005]; *Matter of Thaddeus Jacob C. [Tanya K.M.]*, 104 AD3d 558 [1st Dept 2013]; *Matter of Antonio V.*, 268 AD2d 341 [2000], *lv denied* 95 NY2d 751 [2000]).

We have considered the mother's remaining arguments and find them unavailing. Concur—Acosta, P.J., Friedman, Andrias, Webber and Gesmer, JJ.