Matter of Annalisa G. (Tamara A. H.) (2020 NY Slip Op 05577)





Matter of Annalisa G. (Tamara A. H.)


2020 NY Slip Op 05577


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Renwick, J.P., González, Kennedy, Mendez, JJ. 


Docket No. B-35158-9/18 Appeal No. 12008 Case No. 2019-04309 

[*1]In re Annalisa G. and another, Children Under Eighteen Years of Age, etc., Tamara A. H., Respondent-Appellant, Saint Dominic's Family Services, Petitioner-Respondent.


Steven P. Forbes, Jamaica, for appellant.
Warren & Warren, P.C., Brooklyn (Ira L. Eras of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.



Order of disposition, Family Court, Bronx County (Elenor C. Cherry, J.), entered on or about October 16, 2019, which, upon a finding of abandonment, terminated respondent mother's parental rights to the subject children, and transferred custody and guardianship of the children to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
The court providently exercised its discretion in denying respondent's request for a full dispositional hearing following its finding of abandonment (see Matter of Michael Angelo D. [AbbyAnn D.], 147 AD3d 446 [1st Dept 2017]). The finding of abandonment was supported by clear and convincing evidence demonstrating that respondent failed to communicate or visit with the children or communicate with the agency during the six months immediately preceding the filing of the petition, with the exception of one isolated contact (see Matter of Jasiaia Lew R. [Aylyn R.], 101 AD3d 568 [1st Dept 2012]; Social Services Law § 384-b[5][a]). Respondent's opportunity to explain the abandonment was the fact-finding hearing, and the attorney for the children supported the agency's position with regard to termination. The court properly drew the strongest negative inference from respondent's failure to call any witnesses or offer any rebuttal evidence at the fact-finding hearing (see Matter of Ariella D. [Sharon D.], 150 AD3d 620 [1st Dept 2017]).
Respondent's attorney's conscientious, strategic decision not to call respondent to testify, made after investigating the facts and discussing the matter with respondent, is not a basis for finding ineffective assistance of counsel (see Matter of Bryant Angel Malik J. v Bryant J., 76 AD3d 936 [1st Dept 2010]). Nor do we find any support for the ineffective assistance claim upon our own review of the record.
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020