Matter of J.C. (Joycelyn L.) (2023 NY Slip Op 06199)

Matter of J.C. (Joycelyn L.)

2023 NY Slip Op 06199

Decided on November 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 30, 2023

Before: Kapnick, J.P., Webber, Singh, Moulton, Scarpulla, JJ. 

Index No. B-31320-1/19 Appeal No. 1123 Case No. 2023-01293 

[*1]In the Matter of J.C. and Another, Dependent Children Under Eighteen Years of Age, etc., Joycelyn L., Respondent-Appellant, New Alternatives for Children, Petitioner-Respondent. 

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Dawn M. Shammas, New York, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), Attorney for the children.

Order, Family Court, Bronx County (Cynthia Lopez, J.), entered on or about March 6, 2023, which, upon finding that respondent mother has an intellectual disability as defined in Social Services Law § 384-b(6)(b), terminated her parental rights to the subject children and transferred custody of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The court's finding that the mother's intellectual disability left her unable to care for the children properly and adequately, presently and for the foreseeable future, was supported by clear and convincing evidence (see Social Services Law § 384-b[4][c]; Matter of Noel R. [LaQueenia S.], 167 AD3d 553 [1st Dept 2018]; Matter of Genesis S. [Irene Elizabeth S.], 70 AD3d 570 [1st Dept 2010]). The court appointed psychologist who evaluated the mother concluded that her intellectual functioning was within the extremely low range, and that her adaptive functioning abilities were in a subaverage range. Although the mother possessed adequate adaptive abilities in certain areas, her intellectual disability significantly impacted her ability to provide proper care for the children, both of whom have severe mental and physical health issues. Moreover, the services and interventions the mother had received failed to improve her parenting abilities (see Noel R., 167 AD3d at 553).
The court's finding that the mother was unable to care for the children presently or in the foreseeable future as a result of intellectual disability is not against the weight of the evidence. The court properly weighed the competing expert and fact testimony in reaching its conclusion, and that conclusion is supported by the record. Although the court appointed psychologist did not conduct a parent-child observation, his interviews with the mother, meetings with the children, interview with a collateral source, and review of multiple years' worth of records and evaluations were sufficient to buttress his conclusions with a reasonable degree of professional certainty.
Additionally, the court's refusal to qualify the mother's witness as an expert in Office of People With Developmental Disabilities (OPWDD) matters has a substantial and adequate basis in the record. The determination of whether a witness may testify as an expert rests in the sound discretion of the court. Here, given that the witness was never employed at OPWDD, never made any determinations of eligibility for OPWDD services, and had not assisted anyone in getting OPWDD services in the prior seven years, there is no basis to disturb the court's ruling (see Matter of Django K.[Carl K.], 149 AD3d 405, 405-406 [1st Dept 2017]).
Moreover, the court providently exercised its discretion in drawing a negative inference against the mother because she did not testify at the hearing (see Matter of ALaura C.N. [Ivonna P.], 214 AD3d 539, 540 [1st Dept 2023]). The court explained that none of the [*2]testimony provided by the mother's witnesses clarified the mother's understanding of the children's developmental and medical needs, how she planned to care for them, and what she had gained from the past services and interventions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2023