Matter of M. R.V. (B. V.) (2024 NY Slip Op 00941)

Matter of M. R.V. (B. V.)

2024 NY Slip Op 00941

Decided on February 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 22, 2024

Before: Oing, J.P., Kapnick, Kennedy, Mendez, Higgitt, JJ. 

Docket No. B-2432/19 Appeal No. 1718 Case No. 2023-01221 

[*1]In the Matter of M. R.V., Also Known as M.V., A Dependent Child Under Eighteen Years of Age, etc., B. V., Respondent-Appellant, New York Foundling, Petitioner-Respondent.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the child.

Amended order of fact-finding and disposition (one paper), Family Court, New York County (Valerie A. Pels, J.), entered on or about March 9, 2023, which, upon a fact-finding determination that respondent mother is unable to care for the subject child presently and for the foreseeable future due to mental illness, terminated her parental rights to the child and transferred her guardianship to petitioner New York Foundling (agency) and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The agency established by clear and convincing evidence that, due to the mother's mental illness, the mother is presently and for the foreseeable future unable to provide proper and adequate care for the subject child (see Social Services Law § 384-b [4][c]; Matter of Muhamad Omar W. [Jessica W.], 200 AD3d 630, 630 [1st Dept 2021], lv denied 38 NY3d 904 [2022], cert denied — US &mdash, 143 S Ct 461 [2022]). The evidence includes a report and testimony by a court-appointed psychologist who, after examining the mother and reviewing medical and other records, opined that she suffers from mental illness, a combination of post-traumatic stress disorder and major depressive disorder with a history of psychotic features and catatonia, and that the symptoms manifested by these mental illnesses cause impairment of parental functioning to the extent that if the child were returned to her care she would be in danger, now and in the foreseeable future, of becoming a neglected child (id.).
Given that the mother's visitation with the child had been suspended for a number of years by a court order, largely due to the child's unwillingness to see her, it was not necessary for the psychologist to observe interactions between the mother and child before reaching his conclusion (see Matter of J.C. [Joycelyn L.], 221 AD3d 561, 562 [1st Dept 2023]).
The mother did not offer "countervailing psychiatric, psychological or medical evidence" (Matter of Joyce T., 65 NY2d 39, 45-46 [1985]).
A separate dispositional hearing was not required because this is a case of termination for mental illness (see Matter of Ariella D. [Sharon D.], 150 AD3d 620, 621 [1st Dept 2017]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2024